WEST TEXAS UTILITIES COMPANY v. H. L. IRVIN ET UX.

No. A-7543. Decided June 22, 1960.
(336 S.W. 2d Series 609)

*Bell & Sowell* and *O. L. Bell*, all of Quanah, *Wagstaff, Harwell, Alvis & Pope* and *J. H. Hand*, all of Abilene, for petitioner.

The Court of Civil Appeals erred in revising the judgment so as to provide interest on the sum of $3,975.13, because the Court of Civil Appeals had no jurisdiction to pass upon respondent's cross assignment of error in that no motion for new trial was filed by respondent. Edgar v. Schmidt, 243 S.W. 2d 414; Walker Smith Co. v. Coker, 176 S.W. 2d 1002, error refused, w.o.m.; Long v. Mooring, 183 S.W. 2d 232.

*Mock & Spell* and *C. Coit Mock*, of Wichita Falls, for respondent.

In response cited Ramsey v. Dunlop, 146 Texas 196, 205 S.W. 2d 979; I. C. T. Ins. Co. v. Gunn, 294 S.W. 2d 435; McDaniel v. Miller, 317 S.W. 2d 546.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a condemnation suit. West Texas Utilities Company, hereinafter called Utilities Co., initiated proceedings before the County Judge of Hardeman County, Texas, to condemn a strip of land owned by respondents, and containing 3.95 acres on which a pole line carrying high voltage electricity was to be erected. Commissioners of condemnation were duly appointed

and they qualified and proceeded to hear the matter. After a hearing, the Commissioners awarded to the respondents the sum of $2,100 as damages. Utilities Co. then paid into the registry of the County Court the sum of $4,200 as required by Art. 3268, Vernon's Ann. Texas Civ. Stats., and took possession of the 3.95 acres of land.

Respondents gave the proper notice and appealed to the County Court of Hardeman County where the case was tried to a jury. The jury gave $6,075.13 as damages. The Judge of the County Court entered judgment on the verdict of the jury condemning an easement across the 3.95-acre strip and ordered the clerk of the court to pay the $4,200 theretofore deposited by Utilities Co. to the respondents. The trial court allowed interest only on the sum of $1,875.13, being the difference between the deposit of $4,200 and the $6,075.13 damages awarded by the jury. Utilities Co. filed a motion for new trial, and on its being overruled Utilities Co. perfected its appeal. By cross assignments, respondents complained of the action of the trial court in allowing interest on only $1,875.13. Respondents contended in the Court of Civil Appeals and also contend here that interest should have been allowed on $3,975.13, being the difference between the $2,100 awarded by the Commissioners and the $6,075.13 awarded by judgment of the County Court. The Court of Civil Appeals held with respondents' contention and reformed the trial court's judgment to that extent, but otherwise affirmed the trial court's judgment. 326 S.W. 2d 885.

Utilities Co. is petitioner in this Court with four points of error. Its first point is that the Court of Civil Appeals erred in reforming the judgment as above set out, because "the Court of Civil Appeals had no jurisdiction to pass upon respondents' cross assignments of error in that no motion for new trial was filed by respondents, nor was the alleged error in any manner called to the attention of the trial court." We sustain this point of error.

The trial court allowed interest on only $1,875.13. This is the difference between the deposit made by petitioner and the award of the jury. We have concluded that the respondents' cross assignments of error cannot be considered in this cause because the respondents never made any complaint in the trial court as to the judgment entered. The trial court, in a case such as we have before us, must be apprised of any complaint or objection the successful party has to the judgment.

In the case of Bowman v. Puckett, Texas Civ. App., 1944, 185 S.W. 2d 228 (reversed on another point by the Supreme Court of Texas, 144 Texas 125, 188 S.W. 2d 571 (1945), the Court of Civil Appeals, in its opinion on motion for rehearing, holds an appellee's cross assignments of error should be considered. This case was tried before the court without a jury and the appellee excepted to the findings of the trial court, filed a motion for new trial, excepted to the judgment of the court and gave notice of appeal. In the opinion of the Supreme Court we stated that "we agree with the conclusions expressed by the Court of Civil Appeals in its opinion on rehearing that it was authorized to consider" the cross assignments of appellee. The Court of Civil Appeals in giving its reasons for holding that cross assignments should be considered in this indivisible cause of action and judgment quotes as one of its authorities Duren v. Houston & T. C. Ry. Co., 1893, 86 Texas 287, 24 S.W. 258, 259. The Duren case states as a material fact that in a prior case Railway (St. Louis, Arkansas & Texas) Co. v. Prather, 75 Texas 53, 12 S.W. 969, the appellee (plaintiff below) had excepted to the judgment.

Respondents rely on the case of Dallas Electric Supply Co. v. Branum Co., 1945, 143 Texas 366, 185 S.W. 2d 427, to sustain their position that their cross assignments should be considered. In that case the appellee had filed a motion for new trial, and gave notice of appeal, but no appeal had been perfected. Appellant had duly perfected an appeal. The court held that the cause was an entire one and not a severable judgment and the crosspoints were properly considered. In discussing the point, the Court said, "no better statement of the rule has been found than that made in Ward v. Scarborough, Texas Com. App., 236 S.W. 441, in which the right of an appellee to cross-assign error is given wide scope," citing authorities. The case of Ward v. Scarborough, supra, arose under the old practice which permitted a party, under certain circumstances, to take a case to the appellate court by perfecting an appeal, and later by writ of error. It also was a case in which the cause of action asserted and the judgment rendered were not divisible. In discussing the rights on an appeal, either by perfecting an appeal, or by writ of error, the Court said, "In this state an appeal and a writ of error to the Court of Civil Appeals perform the same office, and either brings before the appellate court the whole case between the parties thereto for a revision of all rulings of the trial court *properly assigned therein* * * *." (Emphasis added.)

In First Nat. Bank in Graham v. Corbin, 1941, 153 S.W. 2d

979 (8), ref., w.o.m., it is said: "Since appellees did not except to the judgment, their cross-assignment of error just mentioned will be overruled," citing authorities. The cross assignment was directed to the action of the trial court regarding priority of appellees-laborers' lien.

The case of The Aetna Casualty & Surety Company v. The Glidden Co., Texas Civ. App., 1955, 283 S.W. 2d 440 (5), involved a judgment of the trial court which was a divisible one. The Court said:

"Crowe-Gulde [an appellee] complains of the action of the trial court in refusing to award it attorney's fees. Crowe-Gulde did not except to the action of the trial court in this matter and did not raise this question in that court. It gave no notice of appeal and none was perfected. Under these circumstances, we cannot consider the cross-appeal by Crowe-Gulde * * *."

On appeal this Court reversed and ordered the cause dismissed because the appeal bond was not timely filed. (155 Texas 591, 291 S.W. 2d 315). It was therefore unnecessary for this Court to decide whether or not the cross assignments should be considered. See also 3 Texas Jur. 2d 437, section 156; *Id.* p. 466, section 193. Under the facts of our case the Court of Civil Appeals had no jurisdiction to pass on respondents' cross-points regarding the payment of interest.

■ Respondents say the error they complain of is fundamental error apparent on the face of the record. Under the holding of Ramsey v. Dunlop, 1947, 146 Texas 196, 205 S.W. 2d 979 (6), and the cases following that authority, whe hold the matter of the amount of judgment on which interest is charged is not fundamental error. The rights asserted are such as belong exclusively to the litigants in this case. Ramsey v. Dunlop, 205 S.W. 2d 985, supra.

■ The remaining points 2, 3 and 4 have been summarized by Utilities Co. in its application as follows: "This Honorable Court should reverse and render judgment for damages to the strip of land only, because there was no evidence of damage to the remaining acres of Respondent's tract of land." We have examined the record and find there *is* evidence to support the jury's answers to the issues on which the damages to the remainder were determined. Utilities Co. contends that the evidence heard was improper in that each witness in his testimony valued the land under the "unit" system; e.g., the only evidence

was as to the value of the whole of the tract of land including the 3.95-acre strip which was taken. We do not agree this was done. As we understand the testimony, the witnesses valued all of the land remaining after the taking of the 3.95-acre strip. In this we find no error.

Respondents introduced six witnesses who testified as to damages and depreciation of the cash market value of the farm before the taking of the condemned strip and after the taking of such strip, and of the remainder of the tract of land. This testimony included inconvenience of working what was left of the farm; interference with the radio and television reception at the farm home located on the remaining farm; interference with and added inconvenience in irrigating the crops, and difficulties encountered in cultivating them as a result of the poles being located on the condemned strip.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered June 22, 1960.