**Harper RICE, Jr., et al., Appellants,**

v.

**GULF STATES PAINT COMPANY, Appellee.**

No. 4089.

Court of Civil Appeals of Texas.

Eastland.

Aug. 12, 1966.

Rehearing Denied Sept. 9, 1966.

Powell, Tucker & Kain, Paul A. Tucker, Baker, Botts, Shepherd & Coates, Walter E. Workman, Houston, for appellants.

Oldham & Lorance, Tom Lorance, Houston, for appellee.

WALTER, Justice.

Harper Rice, Jr. filed suit against Gulf States Paint Company and Gulf States Retail Stores for damages for personal injuries sustained by him while using a toxic waterproofing product sold by the defendants. Trinity Universal Insurance Company had paid Rice $12,500.00 under the Workmen's Compensation Act and intervened.

The court found as a matter of law "that on or about September 15th, 1958, the plaintiff, Harper Rice, Jr., used that product known as Golden Crescent Silicone Waterproofing Clear; that such product was manufactured and sold by the Gulf States Paint Company; that such product contained chemical substances which were dangerous and harmful to the human body; that the defendant Gulf States Paint Company failed to place on such product a label setting forth a warning that such product was dangerous or harmful to the human body; that such Gulf States Paint Company was negligent in failing to so label the product."

The jury found that the failure of Gulf States to place a warning on the product was a proximate cause of Rice's injury. They found a total amount of $60,250.00 in answer to the damage issues. The jury also found in favor of Rice on contributory negligence. Special issues eleven and twelve and the answers thereto are as follows:

"Special Issue No. 11

Do you find from a preponderance of the evidence that there was a risk of physical harm to the lungs involved in the use of the product with a high pressure apparatus?"

Answer: "We do."

"Special Issue No. 12

Do you find from a preponderance of the evidence that at the time and on the occasion in question such risk, if you have so found, was known and appreciated by Harper Rice, Jr.?"

Answer: "We do."

Based on the answers to issues eleven and twelve, the court rendered judgment for the defendants.

The plaintiff and intervenor have appealed. They contend there is no evidence to support the answers to issues 11 and 12.

Harper Rice, Jr. testified substantially as follows: I am a painter and live in Houston. On September 15, 1958, I was working for Harry Hennies at the Bunker Hill Shopping Center. I started setting my scaffold boards about 8:00 o'clock. Mr. Terry of Gulf States delivered the silicone waterproofing to me. He did not tell me how to use it or give me any warnings at all. I poured some of this water repellent into the pot of my high pressure paint spraying equipment. I was wearing a De Vilbiss mask. I had never used a silicone naphtha waterproofing before. Mr. Hennies told me to spray the brick walls on the inside of the cafe. I sprayed the brick walls on the inside of a cafe for about twenty or twenty five minutes. I then felt a tightness in my chest and began coughing. I was taken to Dr. Ribelles and later went to the hospital. Dr. Overstreet later operated on my chest and removed a portion of one of my lungs.

I have been a painter for about 22 years. You might say that I am a professional painter. I have used rollers, brushes and spray equipment. I am familiar with the use of spray equipment and that it is important to wear a mask and I was wearing a mask while I was spraying that morning. I believe that if a person breathed enough paint over a period of 22 years it would probably hurt him.

The court found, as a matter of law, that the product in question was toxic and contained chemical substances which were dangerous and harmful to the human body and that Gulf States failed to label the product as such and that Gulf States was negligent in failing to so label the product. In Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, at page 379, (Sup.Ct.1963), the court said:

> "The test in 'no duty' and volenti, however, is subjective: did plaintiff know and appreciate Comment 'c' § 496D of the Proposed Restatement of Torts, Second, supra, footnote 3, states, 'The standard to be applied is a subjective one, of what the particular plaintiff in fact sees, knows, understands and appreciates. In this it differs from the objective standard which is applied to contributory negligence.' "

■ Does this record contain any admissible evidence that Rice actually knew that the product was dangerous? The only evidence bearing upon the issue of whether Rice actually knew and fully appreciated the danger involved in using the waterproofing product came from Rice. In appellee's counterpoint wherein it states "there was evidence, and sufficient evidence to support the jury's findings to special issues number 11 and 12", we are referred to no testimony from Rice which would support the jury's answers. Appellee says that because Rice is an interested witness, his credibility should be submitted to the jury. That is a correct general rule. However, the volenti doctrine is an affirmative defense. Gulf States pleaded it and had the burden of raising the issues by the testimony of Rice or produce such facts as would in law charge him with knowledge of the danger and appreciation thereof. Gulf States does not here contend that Rice should be charged as a matter of law with knowledge and appreciation. Rice did not testify to any facts which could be construed to mean that he knew and appreciated the danger. Therefore, there is no evidence to support the answers of the jury.

■ Rice indicated that he knew that if a painter breathed enough paint over a period of 22 years it would probably hurt him. The damage to Rice's lungs was caused by the use of this toxic product after using it for only 20 to 25 minutes. Can it be said that because Rice testified that if a painter breathed enough paint over a period of 22 years it would probably hurt him that he knew about the danger of this product which the court found as a matter of law to be dangerous and harmful to the human body? If he did not have actual knowledge of such danger, how could he exercise an intelligent choice of voluntarily exposing himself to the known and appreciated risk? Justice Greenhill in Baylor Law Review Vol. XVI, Number 2, on the subject of "Assumption of Risk" says:

> "In volenti cases, there must be an additional finding that the plaintiff voluntarily exposed himself to the known and appreciated danger."

The judgment must, therefore, be reversed and rendered for the appellants, unless we sustain appellee's cross assignment of error.

■ At the beginning of the trial, the court sustained Rice's motion in limine that Gulf States' counsel should not present to the jury the fact that Rice had received compensation benefits growing out of his injury of September 15, 1958. Appellee contends the court erred in failing to grant its motion for a mistrial because intervenor's attorney presented to the jury testimony that Rice had been paid in excess of $12,000.00 as workmen's compensation benefits for the injuries received while using Gulf States' waterproofing. We fail to find where this alleged error was in any manner called to the attention of the trial court. Our Supreme Court in West Texas Utilities Company v. Irvin, 161 Tex. 5, 336 S.W.2d 609 (1960) held this to be necessary. However, we have examined the record and find that appellee waived this point.

The judgment is reversed and judgment is rendered for appellants.