**J. R. McDUFF et al., Appellants,**

**v.**

**R. W. HOWARD et al., Appellees.**

**No. 7768.**

Court of Civil Appeals of Texas.

Amarillo.

May 27, 1968.

Rehearing Denied July 1, 1968.

Brock, Wright, Waters & Galey, Lubbock, for appellants, William T. Kirk, Jr., Lubbock, of counsel.

Gillespie & McClendon, Lubbock, for appellees, Wm. Gillespie, Lubbock, of counsel.

DENTON, Chief Justice.

This is an appeal from a judgment in a suit by R. W. Howard and Sam Porter against J. R. McDuff and Tom Carey to recover damages to Porter's truck and Howard's cows, caused by a collision between Porter's truck and Howard's cattle. The trial court, based upon a jury verdict, rendered judgment for Porter for the loss of the use of his truck as a result of the collision and the truck's damages, but disregarded a jury finding and denied Howard recovery for the loss of his cows. Both defendants below have perfected this appeal.

Appellant McDuff and appellee Howard owned and leased, respectively, adjoining land in Dickens County. McDuff's property was between State Highway No. 70 and the property leased by Howard. A common fence divided the two tracts. In late December 1964 or early January 1965, McDuff employed appellant Carey to bulldoze the fence between the two tracts in order to erect a new fence. After Carey had torn down some 40 or 50 yards of the fence, Howard ordered Carey to stop the operation. At this time, Howard had some 23 cows and calves in his pasture. McDuff was notified that Carey had been stopped from tearing down the fence, but it is undisputed the fence was not repaired by either party prior to the time of the collision on February 9, 1965. On the latter date, appellee Porter's truck struck one of Howard's cows which had strayed onto the highway adjoining McDuff's property and the cow which was struck was one of "a string of cows all the way across the road". It is undisputed the cows were owned by Howard and were the ones being pastured on the property he had leased.

The jury found: the fence between the parties' property was sufficient to contain the cattle before a portion of it was torn down; that McDuff's agent bulldozed down a part of the fence in question; that Howard's cattle escaped through the gap in the fence made by McDuff's agent; that the act of bulldozing a part of the fence was a proximate cause of the collision in question; that McDuff was actuated by malice in tearing down the fence; however, no exemplary damages were assessed; that plaintiff Howard did not fail to inspect the fence prior to its being bulldozed to determine its sufficiency to hold his cows; that Howard failed to repair the fence after a portion of it had been removed; that such failure was negligence, but not a proximate cause of the occurrence in question; that Howard did not fail to adequately supervise his cows in order to prevent their escape; that Howard did not prevent McDuff from erecting a new fence; that Howard's failure to drive his cows from the highway right-of-way immediately after he discovered them was not negligence; that Howard's failure to repair the fence was not a new and independent cause of the accident in question; that Porter's driver was not negligent in any of the particulars submitted; and that the occurrence in question was not the result of an unavoidable accident.

By appellants' first three points of error, complaint is made that the trial court erred in failing to hold as a matter of law Howard's failure to repair the fence constituted a new, independent and intervening cause of the collision and resulting damages to Porter. After McDuff's agent had

bulldozed a gap in the fence, Howard ordered the operation stopped. McDuff was informed of this fact by both Carey and McDuff's tenant. A few days later a friend of Howard called McDuff at the latter's home in Lubbock and told him the fence had been torn down and relayed the message that Howard expected "him to get down there and put it up." He testified McDuff told him he would come down "the first of the week and put it up." Howard testified he did not repair the fence prior to the accident because "I thought he (referring to McDuff) would come on down there and fix it".

■ Appellants assert that the failure of Howard to repair the fence was a new, independent and intervening cause of the damages as a matter of law. Appellants take the position this new and intervening cause relieves them of liability as a matter of law. That where the original act of negligence was superceded by a new and independent cause there is no liability where the consequences of the new cause could not have been reasonably anticipated or foreseen. They say Howard, who discovered the fence being torn down to erect a new fence and prevented a new fence from being constructed, was guilty of a new and independent cause of the collision in question when he failed to repair the fence for 59 days. In support of their position, they cite Seale v. Gulf, Colorado & Santa Fe Railway Co., 65 Tex. 274 (1846); Southwestern Bell Telephone Co. v. Hardy, 131 Tex. 573, 117 S.W.2d 418 and Uvalde Construction Co. v. Hill, 142 Tex. 19, 175 S.W.2d 247, among others. These cases are authority for the general rule that for the original negligent act to be the proximate cause, the new and independent cause was not within the reasonable contemplation of the original wrongdoer. See also Robert R. Walker, Inc. v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506 and Gulf, C. & S. F. Ry. Co. v. Ballew (Tex.Com.App.) 66 S.W.2d 659. However, as stated in the *Ballew* case, "It is important to note the difference between intervening causes and concurring causes * * *. When the new cause or agency concurs with the continuing and co-operating original negligence in working the injury, the original negligence remains a proximate cause of the injury, and the fact that the new concurring cause or agency may not in such case have been reasonably foreseeable should not relieve the wrongdoer of liability." See also Texas Power & Light Co. v. Holder (Tex. Civ.App.), 385 S.W.2d 873, N.R.E.; 393 S.W.2d 821 (Tex.). South Austin Drive-In Theatre v. Thomison (Tex.Civ.App.) 421 S.W.2d 933, N.R.E.

■ Under the facts of this case, both as found by the jury and the undisputed facts, the failure of Howard to repair the fence after a gap had been made was a concurring cause rather than an intervening cause. McDuff knew of the gap in the fence and knew that the work had been stopped because Howard, for reasons known only to him, had stopped the operation. Howard obviously was dissatisfied with McDuff's attempted operation. Both of these parties had control over the boundary line fence and both had the means to repair it. Howard's failure to do so was a concurring cause rather than a new and independent cause. We are therefore of the opinion and so hold the concurring failure of Howard to repair the fence prior to the accident did not relieve McDuff of liability as a matter of law.

■ Appellants next complain there was no evidence the cows causing the damages passed through the opening created by the defendants below as found by the jury. In reviewing the evidence in the light most favorable to the finding, as we are required to do under a "no evidence" point of error, we are of the opinion the contention is without merit. Both appellee Howard and witness Stokes were at the scene the next morning after the accident and "tracked" the cows. They both testified the tracks showed the cows came out of Howard's pasture by way of the bull-

dozed gap in the fence. Appellants take the view that in the absence of any evidence that the particular cow that was struck by Porter's truck came out of the gap in the fence prevents any liability on its part. It is well settled that negligence and causation like any other ultimate fact, may be established by circumstantial evidence as well as direct evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273. There was direct evidence the herd, consisting of 23 cows, escaped from the gap in the fence. There is no evidence in the record the fence was not otherwise sufficient to hold the cattle. We think the evidence clearly supports the jury finding that all the Howard cattle escaped through the gap in the fence made by McDuff's agent.

■ Appellants also contend the pleadings and evidence do not support the measure of damages awarded appellee Porter. The jury awarded Porter the sum of $1100.00 for the loss of the use of his truck until it could be repaired. The amount of damages to the truck was stipulated by the parties and the appellee pleaded the truck "was being used in his business and was reasonably worth the sum of $100.00 (one hundred dollars) per day in the use of such business and that plaintiff would further show that said truck was lost in its use in his business from February 9, 1965 until February 20, 1965." The pecuniary loss of use of an automobile or truck is a proper element of damages. Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W. 2d 127 and Strachan Shipping Co. v. Petty Geophysical Engineering Co. (Tex.Civ. App.), 369 S.W.2d 526, N.R.E. Appellee Porter testified how the truck was used and the profits it earned on those trips the truck was then engaged. The recovery is not subject to the objections made by the appellants.

■ By counterpoints, appellee Howard complains that the trial court erred in disregarding the jury finding that Howard's negligent act of failing to repair the fence was not a proximate cause of the accident, and denied Howard's recovery for the loss of his cows. He did not except to the court's judgment rendered below, nor did he in any manner call the attention of the trial court to the alleged error of which he now complains on appeal. Under such circumstances we have no jurisdiction to pass on these counterpoints. West Texas Utilities Company v. Irvin, 161 Tex. 5, 336 S.W.2d 609; Morgan v. Morgan (Tex. Civ.App.), 406 S.W.2d 347, N.W.H.

The judgment of the trial court is affirmed.