**AUSTIN LAKE ESTATES RECREA-
TION CLUB, INC., et al.,
Appellants,**

v.

**Ila B. MABERRY, et al., Appellees.**

**No. 13426.**

Court of Appeals of Texas,
Austin.

Sept. 1, 1982.

Rehearing Denied Sept. 22, 1982.

Joseph Latting, Claude E. Ducloux, Robinson, Felts, Starnes & Latting, Austin, for appellants.

Ralph A. Rash, Austin, for appellees.

SHANNON, Justice.

Appellant Austin Lake Estates Recreation Club, Inc. filed suit in the district court of Travis County to cancel two promissory notes for $30,000 and $15,000 it gave to appellee Ila Maberry.[1] Appellant pleaded generally the notes were given without consideration and were fraudulently induced. Maberry filed a counter-claim requesting judgment for principal and interest. After trial to the court, appellant, with leave of court, filed a trial amendment pleading as a further ground for cancellation, and as an affirmative defense to appellee's counterclaim, that the board of directors which *authorized its officers to execute the notes* was not "legally constituted." The district court rendered a take-nothing judgment against the corporation on its claim for cancellation and a judgment for Maberry for the principal and interest due on the notes. This Court will affirm the judgment.

Upon request, the district court filed findings of fact and conclusions of law. The court refused to find the notes were executed as the result of fraud or that the notes were executed without consideration, and appellant does not here attack these findings.

On appeal, appellant claims the district court erred in rendering judgment for Maberry upon the notes because the board of directors which authorized its officers to execute the notes was "unlawfully constituted." Specifically, appellant points out that its by-laws require the corporation's directors to own property or reside in the Austin Lake Estates area. Because Marilyn Ermis, the director who cast the deciding vote authorizing the notes, was not a resident or property owner of that area, appellant claims the vote of the board authorizing execution of the notes was not binding on the corporation. Maberry responds that director Ermis, while not qualifying as *de jure* director, was a *de facto* director and therefore could act to bind the

corporation. The district court refused to find that Ermis was unqualified to act as a director.

█ A *de facto* officer or director is defined as one who has colorable right to the office, although he has no legal right thereto by reason of some informality or irregularity in his election or appointment. *Franco-Texan Land Co. v. Laigle,* 59 Tex. 339, 344 (1883). The Supreme Court elaborated further that

A *de facto* authority cannot arise when there has been absolutely no election or appointment, or, what is equivalent, one that is absolutely null and void, and not merely irregular or informal; and where there has been no assertion of the right to exercise the office except in the very instance where it is questioned; and where there has been no acquiescence in the official acts of the person claiming such authority, either on the part of the body for whom he professes to act, or of any one else. Otherwise the simple bold assertion of a right to an office would bind such corporation or body by the acts of the usurper, and parties suffering from his unlawful acts could never question them.

*Id.* Furthermore, the *de facto* director doctrine applies only to third parties who deal with the corporation and are unaware of the *de facto* director's true status. 2 W. Fletcher, *Fletcher Cyclopedia on the Law of Private Corporations* § 385 (rev. 1982); *cf. Manning v. Harlan,* 122 S.W.2d 704, 708 (Tex.Civ.App.1938, writ dism'd) (authority of a *de facto* public official). A *de facto* director may continue to act for and bind a corporation until his title to the office is judged insufficient. *Cf. Martin v. Grandview Independent School District,* 266 S.W. 607, 610 (Tex.Civ.App.1924, writ ref'd) (*de facto* public official).

In this appeal, the parties agree that Marilyn Ermis was elected to the board of directors. The district court found, as a fact, that the board of directors at all times

---

1.  After suit was filed, Ila Maberry died. The suit was continued in the name of the executrix of Maberry's estate. In this opinion, for the sake of clarity, we will refer to appellee as Maberry.

acquiesced in Ermis' participation on the board and took no action to remove her. During her term as director, Ermis participated fully in all business conducted by the board.

Appellant insists the *de facto* director doctrine cannot apply in this appeal because Maberry, the third party who dealt with the board of directors, knew Ermis did not qualify as a director. Appellant contends Maberry's knowledge of Ermis' lack of qualification to serve as a director was proved by a contract of sale she executed with Maberry to purchase land in the Austin Lake Estates area. The contract was signed on June 1, 1971, several months before the first of the two promissory notes was authorized by the board. Since this sale was never consummated, appellant claims Maberry allegedly knew Ermis did not own land in Austin Lake Estates and could not qualify as a *de jure* or *de facto* director.

Although evidence of the contract of the sale may indicate Maberry knew Ermis was not qualified, other evidence indicates that Maberry may have believed Ermis could properly act in her capacity as director. Maberry had previously served on the board of directors and was familiar with the policies and activities of the corporation. The board of directors of the corporation considered the by-laws requiring directors to own property in the Austin Lake Estates "area" to be ambiguous because the by-laws did not define the boundaries of the so-called "area." In one board meeting, the directors expressed some confusion as to whether a party who contracted to buy land in the Lake Estates area could qualify as an owner of property under the by-laws.

This evidence demonstrates Maberry could have believed Ermis was a qualified director. Maberry's familiarity with the corporation did not disqualify her from dealing with the corporation as an innocent third party. In light of the confusion as to the precise requirements for the office of director and who might qualify as a landowner in the "area," Maberry who was not an attorney, could well have concluded Er-

mis met the requirements of the corporation's by-laws when the contract of sale was executed. Because the district court refused to find from a preponderance of the evidence that Ermis was unqualified to act as a director, the principal element of appellant's case to cancel the notes based on the board's lack of authority was resolved against appellant.

The district court rendered judgment for Maberry on the notes. As previously stated, appellant pleaded the corporation was not "legally constituted" to authorize the notes as both an affirmative defense to Maberry's counterclaim and as a separate ground in its suit for cancellation. As the district court refused to find lack of authority, appellant failed to prove this allegation either as an affirmative defense or as an independent ground for recovery. Appellant had the burden of proof on this issue and failed to persuade the district court. On appeal, appellant necessarily must claim the district court erred because (1) lack of authority was conclusively proved in the evidence (a "legal sufficiency" point of error), or (2) the trial court's failure to find lack of authority was against the great weight and preponderance of the evidence (a "factual sufficiency" point of error). *See* 4 R. McDonald, *Texas Civil Practice* § 18.-14, at 276 (rev. 1971); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960). In its point of error, appellant argues only that as a matter of law the board of directors lacked authority to authorize the notes (i.e., lack of authority was conclusively established in the evidence). We disagree. As discussed above, the record contained some evidence from which the district court could have concluded the *de facto* director doctrine applied. Appellant did not therefore conclusively establish the board's lack of authority. The court properly rendered judgment for Maberry on the notes.

By cross-point, Maberry complains the district court erred in refusing to render judgment in her favor for the sum of $11,-981.37 as an "open debt" over and above the principal of the notes. This Court will not

consider the cross-point because appellee failed to apprise the district court in any manner of her dissatisfaction with its refusal to render judgment for the "open debt." *West Texas Utilities Co. v. Irvin,* 161 Tex. 5, 336 S.W.2d 609 (1960); State Bar of Texas, *Appellate Procedure in Texas* § 15.-16 (2nd ed. 1979).

Affirmed.