Carlos LUNA, Sr. et al., Petitioners,

v.

SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY et al., Respondents.

No. C–5400.

Supreme Court of Texas.

Jan. 7, 1987.

Ernest H. Cannon, Ernest Cannon & As-
sociates, Houston, for petitioners.

W.T. Womble, Crain, Caton, James &
Womble, Houston, for respondents.

KILGARLIN, Justice.

This personal injury suit arose out of a
railroad crossing collision. The trial court
rendered judgment on a jury verdict in
favor of the Luna family. The court of
appeals reversed the trial court's judgment
and remanded the cause, holding that two
of the jury findings were in irreconcilable
conflict. 707 S.W.2d 113. We reverse the
judgment of the court of appeals and re-
mand the cause to that court.

■ The two jury findings that the court of appeals determined to be in irreconcilable conflict were Issues 5 and 7(a). In Issue No. 5, the jury was asked:

Do you find from a preponderance of the evidence that the Railway Company, acting through its agents, servants, and employees, was negligent in failing to issue speed restrictions for the crossing in question prior to the installation of the automatic signals?

The jury answered "yes." In Issue No. 7, the jury was asked:

On the occasion in question, was Southern Pacific negligent in the manner which its train crew operated the train with respect to: (a) the speed of the train; or (b) the failure to reduce the train's speed by application of the train's brakes or throttle?

The jury answered "no" to (a) and "yes" to (b).

The court of appeals reasoned that the jury's answer to Issue 5 implied a finding that the train was being operated at a negligent speed. The court then held that this implied finding conflicted with the jury's "no" answer to Issue 7(a).

In *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 260 (Tex. 1980), this court explained the test for determining whether jury findings conflict:

A court may not strike down jury answers on the ground of conflict if there is any reasonable basis upon which they may be reconciled.... We do not determine whether the findings may reasonably be viewed as conflicting; to the contrary, the question is whether there is any reasonably possible basis upon which they may be reconciled.

Although the court of appeals stated the correct test, it failed to apply this test. Instead, based upon its own determination of an *implied* finding, the court of appeals struck down two jury findings that do not even facially refer to the same facts or actors.

Issue 5 inquires · about the company's failure to issue speed restrictions. Issue 7(a) inquires about the speed at which the crew operated the train. The jury could have failed to find the crew negligent in going forty-five miles per hour because the crew was adhering to the speed limit issued by the company. This is a reasonable reconciliation of the issues. Because a court has a duty to harmonize jury findings when possible, we hold that the court of appeals erred in refusing to reconcile Issues 5 and 7(a). *See Producers Chemical Co. v. McKay*, 366 S.W.2d 220, 224 (Tex.1963).

■ Southern Pacific raised eleven cross-points in its response brief; however, it expressly waived points one and five in oral argument. In cross-points ten and eleven, Southern Pacific complains of the manner in which the trial court apportioned the damages in the final judgment. Because Southern Pacific did not contest this aspect of the judgment in its motion for new trial, it has waived these points as well. *See West Texas Utilities Co. v. Irvin*, 161 Tex. 5, 336 S.W.2d 609 (1960). Southern Pacific, however, argues that the 1981 amendment to Tex.R.Civ.P. 324 obviated the necessity of a complaint on this issue in a motion for new trial. We disagree. "[T]he purpose of the amendment is to make more liberal the prerequisites of appeal *once a point of error has been preserved ...*" *Western Constr. Co. v. Valero Transmission Co.*, 655 S.W.2d 251, 256 (Tex.App.—Corpus Christi 1983, no writ) (emphasis added). Southern Pacific did not otherwise preserve error. Therefore, a motion for new trial incorporating the apportionment complaint was required.

Cross-points two, three, and four present arguments that were fairly considered in the court of appeals, and we hold that these points are without merit. Numbers six through nine are points that were before the court of appeals but were not considered by that court. We choose to address them. *See McKelvy v. Barber*, 381 S.W.2d 59 (Tex.1964).

■ In cross-point eight, Southern Pacific complains that Plaintiff's Exhibit No. 33 was irrelevant and therefore that the trial court erred in admitting it. Exhibit 33 was an internal memorandum discussing Southern Pacific's plans for installation of auto-

matic signals at various crossings in the state. In light of the court of appeals' holding that the railroad had no duty to install automatic signal lights, we conclude that if there were error in the admission of this memorandum, it was harmless error. Moreover, we observe that the information contained in the memorandum related to, the delay in the installation of signals and that this evidence was cumulative of other testimony in the case.

In cross-points six, seven, and nine, Southern Pacific challenges both the legal and factual sufficiency of the evidence to support various jury findings. Because we do not have jurisdiction to review the factual sufficiency of the evidence, we will review these as "no evidence" points under the standard set forth in *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401–02 (Tex.1981).

 Under cross-point six, Southern Pacific argues that there is no evidence to support the jury's finding of $50,000 in damages for the conscious pain and mental anguish suffered by Christopher Luna before his death. The evidence shows that Christopher Luna, a four year old, lived approximately two weeks after the accident. The child was completely paralyzed and generally unresponsive; however, the father testified that when he would visit the child, Christopher would open his eyes. We hold that this testimony constitutes some evidence to support the jury's finding regarding the conscious pain and mental anguish suffered by Christopher Luna.

In cross-points seven and nine, Southern Pacific contends that there is no evidence to support the jury's findings of gross negligence and exemplary damages. The evidence shows that the accident occurred in November 1981. Over two years earlier, the Texas Department of Highways and Public Transportation had selected the crossing where the accident occurred as one that should have automatic signals. There is ample evidence that Southern Pacific knew the crossing had been designated for signals and knew that this designation meant the crossing was more dangerous than others in the state. One of South-

ern Pacific's own managers testified that the railroad did "nothing" to protect the public even though it knew the crossing was a more dangerous one. Another manager acknowledged that "one sheet of paper" was all it would have taken to initiate a special speed restriction at the crossing. Thus, there is some evidence from which the jury could reasonably conclude that for over two years the railroad knew about the degree of danger associated with the crossing and that the company simply did not care. *See Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex.1981).

We reverse the judgment of the court of appeals and remand the cause to that court for it to consider Southern Pacific's factual sufficiency points in accordance with the guidelines set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986).