**Sandra L. AYOTTE and Herbert Yielding, Appellants,**

v.

**The CENTRAL EDUCATION AGENCY, et al., Appellees.**

No. 3–86–003–CV.

Court of Appeals of Texas, Austin.

May 6, 1987.

Robert E. Hall, Smith, Schulman, Rawitscher, Carnahan & Hall, Houston, for appellants.

Jim Mattox, Atty. Gen., Leslie L. McCollom, Asst. Atty. Gen., Austin, for The Central Educ. Agency, et al.

J.B. Sallas, Sallas, MeriWether & Pemberton, Crockett, for Crockett Independent School Dist.

Bradley Seals, Hairston & Walsh, P.C., Austin, for Stockdale Independent School Dist.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

## ON MOTION FOR REHEARING

SHANNON, Chief Justice.

The opinion handed down by this Court on March 25, 1987, is withdrawn and this opinion is filed in its place.

Appellants, Sandra L. Ayotte and Herbert Yielding, filed administrative appeals in the district court of Travis County from adverse orders of the Central Education Agency. The agency orders affirmed the order of the Commissioner of Education which had sustained the refusal of the boards of trustees of Stockdale Independent School District and Crockett Independent School District to afford hearings to appellants concerning non-renewal of their teaching contracts. Upon motions filed by all parties, the district court granted summary judgment for the agency and the school districts and denied appellants' motions for summary judgment. This Court will reverse the summary judgment.

Appellant Ayotte was employed as a high school coach and junior high teacher at the Stockdale High School. In March 1978, she received notification that her contract with the school district would not be renewed. Ayotte made a timely written request for a hearing before the board of trustees. Ayotte's request for hearing was premised upon regulations promulgated by the Commissioner of Education, 19 Tex.Admin.Code § 61.231 which provides:

(a) Policy. The commissioner of education shall prescribe procedures for

hearings held before local governing boards of trustees. The procedures shall be in accordance with applicable law.

(b) Administrative procedure. Local governing boards and trustees shall adopt written procedures providing for orderly hearings and appeals of aggrieved parties including the following:

(1) In grievances or controversies involving administrative actions or problems of school districts, aggrieved parties should be afforded a full hearing before the board of trustees of the district, provided request in writing has been timely filed by aggrieved party or parties as prescribed in § 157.43 (226.71.02.030) of this title (relating to Notice of Intent to Appeal).

Section 61.231(b)(1) makes reference to Tex.Admin.Code § 157.43 to "prescribe" the appropriate manner to notify the board of a party's desire for a board hearing,[1] although § 157.43 is ordinarily utilized in bringing appeals before the Commissioner of Education. Section 157.43 states in pertinent part:

Within 30 days after the decision ... complained of is communicated to the party making the appeal, notice of intent to appeal shall be sent to the Commissioner and the board or officer rendering the decision....

The board of trustees denied Ayotte's request for a hearing. She then filed an appeal with the Commissioner of Education. The school district filed a motion to dismiss, asserting, in the main, that the Commissioner's regulations did not require that the board of trustees afford Ayotte a hearing. Without hearing evidence, the Commissioner concluded that, indeed, his regulations did not require the board of trustees to afford Ayotte a hearing and, as a result, he sustained the school district's motion to dismiss. The State Board of Education affirmed the Commissioner's order.

Appellant Yielding was principal of Crockett Intermediate School. In early

1. The version of § 157.43 applicable at the relevant time is stated in 1 Tex.Reg. 1046, 1054 (1976).

1978, he was notified that his contract would not be renewed. Yielding then wrote the Crockett board of trustees requesting a formal hearing pursuant to § 61.231(b)(1). The board declined his request for a hearing, although Yielding was permitted an "audience" with the board in "Executive Session". Upon appeal to the Commissioner of Education, and after an evidentiary hearing, the Commissioner affirmed the decision of the board of trustees denying Yielding a formal hearing. The State Board of Education affirmed the Commissioner's order.

In both intra-agency appeals, the Commissioner took jurisdiction and determined that the board of trustees correctly denied appellants' requests for a full hearing. In both intra-agency appeals, the Commissioner concluded that his regulation, § 61.231(b)(1), did not require the board of trustees to provide a hearing in cases of contract termination unless the teacher asserted the right to such a hearing pursuant to statute, constitution, common law doctrine, or administrative regulation.

On appeal, the agency suggests that to qualify as an "aggrieved" party so as to obtain a hearing pursuant to § 61.231(b)(1) a teacher must:

(1) claim the violation of a constitutional, statutory, or common law right; and

(2) assert the violation of such right in the written request for a hearing.[2]

With respect to the first element of "aggrievance," the agency claims that it has consistently so construed § 61.231(b)(1) for many years and that such construction is neither erroneous nor inconsistent with other applicable regulations. *See Spring Independent School District v. Dillon*, 683 S.W.2d 832 (Tex.App.1984, no writ). For purposes of this opinion, this Court will assume that the agency has correctly construed the term "aggrieved" in § 61.231(b)(1) as requiring a claimed violation of a constitutional, statutory, or common law right.

■ Respecting the second element, the agency suggests that even if each appellant were entitled to a hearing, he waived the right to insist on the hearing by not pointing out the claimed violation in his written request for a hearing. Section 61.231(b)(1), however, does not require assertion of the claimed violation in his written request for a hearing, nor in our opinion may such requirement be reasonably inferred from its terms. Moreover, the only explicit guideline as to the form of the request for hearing is provided by § 157.43. That provision simply requires the affected party to send "notice of intent to appeal." This is precisely what appellants did.

■ As we understand, neither appellant knew the reasons for the respective board's dissatisfaction with his job performance. Because neither appellant was accorded a hearing by his board, neither appellant had an opportunity to develop facts which might permit him to assert his status as an "aggrieved" party pursuant to the agency's construction of § 61.231(b)(1). Nor were appellants given any indication that specific factual allegations were required by § 61.231(b)(1). To the contrary, § 157.43 suggests that no such artful pleading is required. Under these circumstances, the agency may not fairly require from either appellant the prescience as to plead his aggrievance in the written request for hearing. In our view, each appellant is entitled to an evidentiary hearing before the board of trustees to develop facts, if he can, showing that he is a person "aggrieved" pursuant to § 61.231(b)(1).

■ Appellee school districts advance a crosspoint asserting that the district court had no "jurisdiction" of the administrative appeal since appellants presented no cause entitling them to judicial review. In their

---

**2.** In the motion for rehearing, counsel for the school districts states, incorrectly, that "It is this Court's opinion [sic] that for the first time raises the issue of the sufficiency of the request for a hearing" and "The issue of the sufficiency of the appellant's request for a hearing was *invented* by the Court and has never been an issue in this case." (Emphasis supplied). Counsel forgets himself. Before making such assertions, counsel should have read the agency's brief, particularly page twelve, and should have recalled the agency's argument at oral submission.

cross-point the school districts assert that Ayotte and Yielding had merely a "dispute" and were not "aggrieved" parties within the agency's regulations. The school districts, however, made no complaint to the district court of any error in the summary judgment. In fact, the school districts received precisely the judgment they requested. The trial court, of course, should be afforded an opportunity to correct any errors that it might have made in the judgment. Accordingly, to complain of the judgment on appeal, an appellee is required to bring those errors to the court's attention in some manner whether by filing exceptions to the judgment, notice of appeal, motion for new trial, or other. *West Texas Utilities Co. v. Irvin,* 161 Tex. 5, 336 S.W.2d 609 (1960); *Saenz Motors v. Big H. Auto Auction, Inc.,* 653 S.W.2d 521, 526 (Tex.App.1983), *aff'd,* 665 S.W.2d 756 (Tex. 1984); State Bar of Texas Appellate Procedure in Texas § 15.16 (2d ed. 1979). *See Luna v. Southern Pacific Transp. Co.,* 724 S.W.2d 383 (Tex.1987). The cross-point is overruled.

Because all parties filed motions for summary judgment, this Court will render judgment that the district court should have rendered. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958). The judgment of the district court is reversed and judgment is here rendered that the order of the State Board of Education is set aside and the causes are remanded with instructions to the agency that it remand each cause to the respective school boards with directions that the boards provide appellants the hearings afforded by § 61.231(b)(1).

Reversed and Rendered on Motion for Rehearing.