Manucher NAZARIAN, Appellant,

v.

Jerry L. THOMAS, Appellee.

No. 2–88–042–CV.

Court of Appeals of Texas,
Fort Worth.

March 15, 1989.

Rehearing Denied April 19, 1989.

Cantey & Hanger and Jack C. Wessler and Sloan B. Blair, Fort Worth, for appellant.

Law, Snakard & Gambill and Alan Wilson and Elizabeth P. Sturdivant, Fort Worth, for appellee.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

Dr. Manucher Nazarian appeals from a judgment awarded in favor of Jerry L. Thomas, the appellee, following a trial before the court. The suit arises out of a joint venture partnership in which Nazarian and Thomas were the partners. The judgment essentially represents the value of Thomas's interest in the joint venture as of June 15, 1985, on which date Thomas had given notice to Nazarian of his election to dissolve the partnership. In three points of error, Nazarian contends that the evi-

dence and Thomas's pleadings conclusively established as a matter of law that Nazarian had no obligation to pay Thomas for the value of his interest as of June 15, 1985; that the pleadings and evidence conclusively established as a matter of law that he had no obligation to wind up the partnership affairs and that he should not be required to make any election whether to do so until this litigation is terminated; and that there is no evidence to support the trial court's finding that he did not consent to Thomas's effort to reinstate the partnership, because he consented to the reinstatement as a matter of law. In a fourth point of error, Nazarian alternatively argues that the trial court erred in awarding judgment for Thomas representing the value of his interest in the partnership as of June 15, 1985, without including in the judgment provisions terminating any interest of Thomas in the partnership. Thomas contends in a sole cross point of error that the trial court erred by applying the 6% prejudgment interest rate established by TEX. REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987), instead of the 10% rate which should have been applicable under the provisions of TEX.REV.CIV.STAT.ANN. art. 5069–1.05 (Vernon Supp.1989).

We reform the judgment and affirm the judgment as reformed, because: we do not find that the evidence and Thomas's pleadings conclusively established that Nazarian was not obligated to pay Thomas for the value of his interest in the partnership as of June 15, 1985, the date of dissolution of the partnership; we do not find that the pleadings and evidence conclusively show that Nazarian had no obligation to wind up the partnership affairs and that he should not be required to make any election whether to do so until this litigation is terminated; we find that the evidence supports the trial court's finding that Nazarian did not consent to Thomas's effort to reinstate the partnership; we do find that the judgment should be reformed to reflect that satisfaction of the judgment terminates any interest of Thomas in the partnership property; and because we find that we do not have jurisdiction to consider Thomas's sole cross point because he did not raise the issue of an improper prejudgment rate of interest before the trial court.

■ In point of error number one, Nazarian contends that the trial court erred by holding that he was obligated to pay Thomas for the value of his interest in the partnership as of June 15, 1985, because the evidence and Thomas's pleadings conclusively established as a matter of law that he had no such obligation.

Nazarian and Thomas entered into what was termed the Nazarian–Thomas joint venture on December 31, 1975, for the purpose of investing in a 328.79 acre tract of real estate. The partnership interest was owned 80% by Nazarian and 20% by Thomas. Under the terms of the agreement, Nazarian was the manager of the joint venture with the right to sell and make other business decisions regarding its assets.

On January 14, 1985, Thomas brought suit against Nazarian seeking a partition of the property, and on June 15, 1985, Thomas sent Nazarian a letter stating that the partnership was dissolved and terminated. On October 21, 1985, Thomas forwarded to Nazarian a letter in which he rescinded his election to dissolve the partnership and declared the agreement to be reinstated. The partnership was to dissolve on January 1, 1988, under its own terms, unless extended by mutual agreement of the parties. Thomas was seeking in some way to obtain his monetary interest in the property prior to January 1, 1988.

Section 31(2) of TEX.REV.CIV.STAT. ANN. art. 6132b (Vernon 1970), the Texas Uniform Partnership Act, provides that dissolution of a partnership is caused, in contravention of the agreement between the partners, by the express will of any partner at any time. Under the Act, if a partner who did not wrongfully dissolve the partnership wishes for the partnership to continue for the agreed term of the partnership, that partner becomes obligated to the wrongfully dissolving partner in the amount of the value of that partner's interest in the partnership at the dissolution, less any damages caused by the dissolu-

tion. Article 6132b, section 38(2)(b). Thomas's letter of June 14, 1985, dissolved the partnership, so that Thomas is entitled, since Nazarian chose not to partition the property, to the value of his interest in the partnership, less any damages caused to Nazarian by the dissolution. Since Nazarian has claimed no damages caused by the dissolution, he is therefore obligated to Thomas for the value of Thomas's interest at the time of the dissolution, June 14, 1985. We overrule point of error number one.

■ In point of error number two, Nazarian argues that the trial court erred in finding that "by doing nothing from June 15, 1985 in the winding up of the affairs of the joint venture, [Nazarian] has no equitable right to now claim he should have additional time in which to do so," because the evidence and pleadings established conclusively as a matter of law that he should not be required to make any election whether to do so until this litigation is terminated. Under the terms of section 38(2)(b) of the Texas Uniform Partnership Act, Nazarian had the obligation, since he determined to continue the partnership, to either pay Thomas the value of his interest as of the date of dissolution or to secure the payment of Thomas's interest by a bond, which could have been accomplished through the court, in the absence of Thomas's cooperation. He admittedly did neither. We find no authority supporting Nazarian's position that he is now relieved of his obligation to pay Thomas the value of that interest because of a subsequent abortive attempt by Thomas to reinstate that partnership. We overrule point of error number two.

■ Nazarian asserts in point of error number three that there is no evidence to support the trial court's finding that he did not consent to Thomas's reinstatement of the partnership, because by his pleading he consented to the reinstatement as a matter of law.

We have already noted that in October 1985, in a letter to Nazarian's attorney, Thomas gave notice that he was withdrawing and rescinding his election to dissolve the joint venture, and declaring the joint venture reinstated. In a pleading filed in October 1985, Thomas pled that the joint venture had been reinstated and that Nazarian, since he had not acted in any way on the earlier notice of dissolution, was not estopped to object to the rescission of that notice. On the same date Thomas sought summary judgment to the effect that the joint venture is in full force and effect just as if there had been no notice of "intention to dissolve." In July, 1986, Nazarian filed a pleading alleging that the partnership had been dissolved but that it is a partnership "duly existing under the laws of the State of Texas," and is not terminated, but "continues until the winding-up of the partnership affairs is completed." In December, 1986, Nazarian amended his answer and plead that the joint venture "is a partnership duly existing under the laws of the State of Texas." It said nothing about the partnership having been dissolved, nor did it say anything about rescission of dissolution. In a pleading filed three days later, Thomas again reaffirmed his withdrawal of notice of dissolution, but on March 20, 1987, Thomas amended his petition so as to reaffirm the June 14, 1985 dissolution. We find that the record reflects the fact that Nazarian did not consent to the reinstatement. Nazarian contends that he consented to the reinstatement by virtue of his pleading in December, 1986, that the joint venture "is a partnership duly existing under the laws of the State of Texas." Such a pleading is entirely consistent with the prior pleadings of Nazarian, which alleged that the partnership, although dissolved, was "duly existing under the laws of the State of Texas." We overrule point of error number three.

■ In point of error number four, Nazarian urges that the trial court erred in rendering judgment against him for the value of Thomas's interest in the partnership without including in the judgment provisions terminating any interest held by Thomas in the sole asset of the partnership. We sustain this point of error and reform the judgment to provide that satisfaction of the judgment in this cause termi-

nates any interest of Thomas in the partnership property.

In his sole cross point of error, Thomas contends that the trial court erred by applying a 6% per annum prejudgment interest rate established by article 5069-1.-03, instead of the 10% rate, compounded daily, required by article 5069-1.05. Thomas concedes that he is raising this issue for the first time on appeal. Since he did not present this issue to the trial court, we have no jurisdiction of Thomas's sole cross point of error. *West Texas Utilities Company v. Irvin,* 161 Tex. 5, 336 S.W.2d 609 (1960). *See also Texas Cookie Co. v. Hendricks & Peralta,* 747 S.W.2d 873 (Tex. App.—Corpus Christi 1988, writ denied). Thomas relies on the opinions of *King v. Tubb,* 551 S.W.2d 436, 447 (Tex.Civ.App.—Corpus Christi 1977, no writ) and *Hernandez v. City of Fort Worth,* 617 S.W.2d 923 (Tex.1981) in asserting that we may consider his cross point even though he did not raise the issue before the trial court. The case of *Hernandez v. City of Fort Worth* discusses whether it was necessary for the appellee to perfect an independent appeal, and does not at all relate to the issue of the failure to present objection to the judgment at the trial court level. *King v. Tubb,* in dicta, suggested the possibility that a party should be permitted to perfect appeal in the manner asserted by Thomas. The later case from the Corpus Christi court, *Texas Cookie Co. v. Hendricks & Peralta,* adopts the rule as we have stated it. We decline to adopt the dicta from the *King v. Tubb* opinion. We overrule Thomas's sole cross point of error.

We reform the judgment to reflect that satisfaction of the judgment terminates any interest of Thomas in the partnership property, and affirm the judgment as reformed.