Corbel Partners v. Reneau 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00528-CV







Corbel Partners, Ltd., Appellant



v.



J. R. Reneau, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 92-14322, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM



 Appellant Corbel Partners, Ltd., appeals the trial court's summary judgment in
favor of appellee J. R. Reneau. Corbel sued Reneau on a note it had acquired from the Resolution
Trust Corporation. Reneau answered and counterclaimed, alleging that he had previously settled
a suit brought on the same note by the original payee, Windsor Federal Savings Association. 
Reneau sought damages for breach of the settlement agreement and sanctions under Texas Rule
of Civil Procedure 13. On Reneau's motion for summary judgment, the trial court rendered
judgment denying Corbel recovery on the note, denying Reneau recovery for breach of the
settlement agreement, and awarding Reneau $2,350 as a sanction under Rule 13.

 Reneau asserts at the outset that this Court lacks jurisdiction over the appeal
because Corbel filed its cost bond untimely. (1) Within thirty days after the judgment was signed,
Corbel filed a notice of appeal. Although Corbel's notice of appeal was an improper perfecting
instrument, Corbel corrected its error by filing an appeal bond forty-six days after the judgment
was signed. Because Corbel's bona fide attempt to appeal invoked this Court's jurisdiction, we
overrule Reneau's reply point one. Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994).

 Corbel contends in its first point of error that Reneau's claim, based on a violation
of Rule 13, does not constitute a cause of action as a matter of law. Reneau responds that Corbel
waived this argument by failing to raise it in response to the motion for summary judgment. 
Regardless of whether Corbel preserved argument in the trial court, Corbel offers no argument
on appeal, and it has therefore waived its point of error by failing to brief it. Tex. R. App. P.
74(f); Trenholm v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983); Lakeway Land Co. v. Kizer, 796
S.W.2d 820, 827 (Tex. App.--Austin 1990, writ denied). Even if Corbel had preserved and
argued its point, the argument would lack merit because a claim for sanctions under Rule 13 is
established as a claim for affirmative relief. Page v. Page, 780 S.W.2d 1, 2 (Tex. App.--Fort
Worth 1989, no writ); McAllister v. Samuels, 857 S.W.2d 768, 779 (Tex. App.--Houston [14th
Dist.] 1993, no writ). We overrule point of error one.

 In its second point of error, Corbel argues that the trial court erred in rendering
summary judgment because Reneau offered insufficient evidence to establish Corbel's violation of Rule 13. Reneau specified in his summary-judgment motion the evidence he was relying on
to support the motion, including "the facts in the record of Cause No. 493,017, styled Windsor
Federal Savings Association v. J. R. Reneau and Jerry Green, in the 147th Judicial District Court
of Travis County, Texas." Later in his motion, Reneau refers to "the pleadings filed with [the
trial court] concerning the Windsor action". The trial court recites in its judgment that the
evidence, including authenticated or certified public records on file, established Reneau's right
to judgment on his counterclaim as a matter of law.

 As appellant, Corbel had the burden to bring forward the record of the summary-judgment hearing to prove harmful error. DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 689
(Tex. 1990); Forestpark Enters., Inc. v. Culpepper, 754 S.W.2d 775, 778 (Tex. App.--Fort Worth
1988, writ denied). Corbel has not included in the appellate record the documents from the
Windsor action. Absent a complete record of the summary-judgment evidence, this Court must
assume that the omitted documents support the trial court's judgment. DeSantis, 793 S.W.2d at
689. We hold that the trial court did not err in granting Reneau's motion for summary judgment. 

 Corbel also complains that the trial court failed to recite the particulars of good
cause in the sanction order. Tex. R. Civ. P. 13. Corbel, however, did not make this complaint
in the trial court and has thereby waived it for review. Tex. R. App. P. 52(a); Luna v. Southern
Pac. Transp. Co., 724 S.W.2d 383, 384 (Tex. 1987). We overrule point of error two.


 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 29, 1995

Do Not Publish
1. Reneau also raised this jurisdictional argument in a pre-submission motion to dismiss, which
this Court overruled on December 15, 1994.