H. E. D. SALES, INC., et al., Appellants,

v.

Dennis SZELC, Appellee.

No. A2288.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 5, 1980.

Rehearing Denied March 26, 1980.

Howard A. Lang, Jr., Philip A. Donisi, Phillip Bozzo, Jr., Donisi & Lang, Houston, for appellants.

Lennon C. Robinson, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

Having purchased a used car from defendant-appellant, H.E.D. Sales, Inc., on August 7, 1975 plaintiff-appellee, Dennis Szelc, was understandably surprised when within a month the automobile was seized by the First National Bank, Mart, Texas. H.E.D. had purchased the automobile on a certificate of title which reflected no prior liens. When H.E.D. attempted to transfer this title to plaintiff, the State Department of Highways and Public Transportation, Motor Vehicle Division, refused to do so and informed the Company that a later certificate of title showing a lien to the bank had been issued. Thereupon the title certificate tendered was confiscated.

Plaintiff brought suit against H.E.D. and its vice-president, 50% stockholder, and manager Allan Torregrossa. In his original petition he alleged that Torregrossa "was acting within the scope of his employment and as an agent for his employer when he made the sale of the . . . automobile to plaintiff."

At the trial plaintiff introduced evidence intended to show that H.E.D. Sales, Inc. was the alter ego of Torregrossa and thus to pierce the corporate veil. After both sides rested, the court permitted plaintiff a trial amendment to conform his pleadings to the evidence—i. e. that H.E.D. was the alter ego of Torregrossa. Defendant, pleading surprise, strenuously objected. The court offered a continuance "until tomorrow or the next day or something like that" and to allow defendant to reopen his case. Defendant, however, demanding a ten day to two week delay, refused to accept the continuance offered. The record furnished us does not include the trial amendment, but both parties in their briefs admit its import. The statement of facts reveals its admission. The jury returned a verdict of $6,800.00 against the defendants, jointly and severally, an amount which the court reduced to $5,080.00, the purchase price of the car. This appeal followed. We affirm the judgment of the trial court.

Defendant asserts thirteen points of error which may be condensed to (1) complaints that the judgment against Defendant Torregrossa is neither authorized by the pleadings nor supported by the evidence, and (2) allegations that there was no evidence to support a finding that the title transferred to plaintiff was defective.

■ The granting of a trial amendment under Rule 66, Texas Rules of Civil Procedure, is discretionary with the trial court, and unless it is shown to be an abuse of discretion the action of the trial court will not be disturbed on appeal. *Texas Employers Ins. Ass'n v. Sanders*, 265 S.W.2d 219 (Tex.Civ.App.-Texarkana 1954, writ ref'd n. r. e.). We hold that there was no abuse of discretion here. Defendant was offered a one or two day delay. If during that time

he was unable to assemble his evidence to rebut the allegations of alter ego he could have asked the court for more time. He chose not to accept the proffered continuance and must abide the consequences.

At the trial, evidence was introduced that H.E.D. Sales, Inc. had a paid-in capital of $1,000.00 and that the corporation had, since the occurrence in question, forfeited its charter. For some time, both prior to its incorporation in 1975 and after the loss of its charter in 1976, Torregrossa operated a used-car business at the same location as a sole proprietorship. At the time of trial the business had once again been incorporated. Torregrossa testified that he received no fixed salary and that at least some of his drawings depended on the net profits of the company. No definitive evidence was entered as to whether the corporation had conducted directors meetings or shareholders meetings, or kept proper minutes. Torregrossa testified that the corporation maintained its own bank accounts and that there was no commingling of his funds with those of the corporation.

■ However, were it conceded that all of the corporate formalities were observed in this case, the corporate veil may still be disregarded and the shareholders held liable if the corporate form has been used as an unfair device to achieve an inequitable result. Inadequate capitalization will, in many cases, sustain such a finding. *Tigrett v. Pointer*, 580 S.W.2d 375 (Tex.Civ.App.-Dallas 1978, writ ref'd n. r. e.). Where a corporation is capitalized in such a way as probably to be unable to pay its debts without instant profits, and where profits, if any, are withdrawn to pay officers' salaries that are dependent thereon, it would be inequitable to require unsophisticated customers to bear the risk of loss rather than the shareholders.

■ While no balance sheet of the corporation was entered into evidence, in view of the corporation's minimal capitalization of a mere $1,000.00, that it was trading in autos with values to at least $5,000.00, and that it had failed to pay franchise taxes, the court

did not err in submitting to the jury the issue of whether H.E.D. Sales, Inc. was the alter ego of Torregrossa, and in rendering judgment on the jury's verdict.

Defendants' other argument is that the trial court erred in rendering judgment on the verdict because there was no evidence to support a finding that the title transferred to plaintiff was defective. The short answer to that argument is that defendant transferred no certificate of title at all to plaintiff. The certificate of title that was forwarded to the Motor Vehicle Division was confiscated by that bureau. Section 2.312, Tex.Bus. & Comm.Code Ann. (Vernon 1968), provides that a seller warrants good title. The official comment to that section provides that "[d]isturbance of quiet possession, although not mentioned specifically, is one way, among many, in which the breach of the warranty of title may be established." The defendants' failure to provide a certificate of title to plaintiff was a breach of that warranty and resulted in an innocent party's suffering. *Trial v. McCoy*, 553 S.W.2d 199 (Tex.Civ. App.-El Paso 1977, appeal after remand 581 S.W.2d 792).

The judgment is affirmed.