# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00126-CV

**Green Tree Servicing, LLC, Appellant**

**v.**

**ICA Wholesale, Ltd. d/b/a A-1 Homes, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
## NO. D-1-GN-09-000872, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## O P I N I O N

Green Tree Servicing, LLC appeals the trial court's final judgment awarding damages and attorney's fees to ICA Wholesale, Ltd. d/b/a A-1 Homes (A-1) for Green Tree's breach of the implied warranty of title in connection with its sale to A-1 of a used manufactured home. Green Tree asserts that the trial court erred in denying its plea to the jurisdiction, in granting judgment against it for breach of the warranty, and in awarding damages and attorney's fees to A-1. Because we conclude that Green Tree did not breach the warranty of title as a matter of law, we reverse the trial court's judgment and render judgment that A-1 take nothing on its claims against Green Tree.

## BACKGROUND

A-1 originally filed a declaratory-judgment action against Ruben V. Alba and Stella G. Alba, individually and d/b/a Paloma Blanca Mobile Home Park (the Albas). A-1 sought

a determination of the ownership of a particular manufactured home for which the Texas Department of Housing and Community Affairs (TDHCA) refused to issue a "statement of ownership and location" (SOL).[1]  In the ordinary course of its business, A-1 had purchased the manufactured home from Green Tree and had applied for an SOL.  The TDHCA refused to issue the SOL, advising A-1 that it had "reason to believe that the manufactured home is stolen or unlawfully converted" and that "issuance of a statement of ownership and location would defraud the owner or a lienholder of the manufactured home."[2]  The TDHCA informed A-1 that it had thirty days to request a hearing on the refusal to issue an SOL.  *See* Tex. Occ. Code §§ 1201.209(2), .210(b).

In the meantime, A-1 filed a lawsuit against Green Tree in Ector County, claiming that Green Tree had harmed it by failing to deliver marketable title to the manufactured home and asserting claims for damages and attorney's fees under the Texas Deceptive Trade Practices Act (DTPA) and the Texas Business and Commerce Code for breach of the implied warranty of title.

---

[1]  An SOL effectively operates like a title certificate to a manufactured home and is defined by the applicable statutes as "a statement issued by the [TDHCA] and setting forth: (A) the ownership and location of a manufactured home in this state as provided by Section 1201.205; and (B) other information required by this chapter."  Tex. Occ. Code §§ 1201.003(30), .214(a) (effective September 1, 2003, "all outstanding documents of title are considered to be statements of ownership and location").  To be entitled to an SOL, a party must submit a form setting forth, among other things, the names and addresses of the seller and new owner and whether the owner has elected to treat the home as real or personal property.  *See id.* § 1201.205.

[2]  The Albas had been corresponding with the TDHCA, asserting ownership rights to the manufactured home.  They had prevailed on trespass claims in an earlier New Mexico lawsuit they brought against Green Tree's predecessor-in-interest that arose out of that party's repossession of the manufactured home.  Although the Albas also asserted claims for conversion in that suit, the final judgment in that suit did not adjudicate ownership of the home or award any relief for conversion. It does not appear from the record that the Albas provided the final judgment to the TDHCA.

*See* Tex. Bus. & Com. Code §§ 2.312, 17.50.  Pursuant to a Rule 11 agreement, A-1 and Green Tree consolidated the Ector County action with the Travis County action against the Albas.

Green Tree then filed a plea to the jurisdiction, asserting that A-1 had failed to exhaust its administrative remedies with the TDHCA before filing suit.  The trial court denied the plea, and Green Tree filed a mandamus with this Court on the issue, which we denied.  The Albas and Green Tree then each filed motions for summary judgment, which the trial court denied.  After a bench trial, the trial court determined that Green Tree breached the warranty of title and awarded A-1 $3,549.11 in economic damages and $40,000 in attorney's fees, plus additional amounts in the event of an uncontested appeal.

Despite finding that Green Tree breached the warranty of title, the trial court also found that the manufactured home "is neither owned by the Albas nor encumbered by any present charge or lien interest in their favor" and that the home is "now owned by and should be titled exclusively to A-1 Homes or a person of A-1 Homes' designation."[3]  Additionally, the trial court found that Green Tree sold the manufactured home to A-1 "without an accompanying good and marketable title" and that "A-1 Homes was unable to obtain a title certificate [SOL]" for the home.  Green Tree filed a motion for new trial, which was overruled by operation of law, and then perfected this appeal.

---

[3]  A-1 had already resold the home to a third party before filing its lawsuit against the Albas, notwithstanding the fact that it had not received an SOL from the TDHCA.  According to the record, that third party has not asserted any claims against A-1 based on the absence of an SOL.

3

**DISCUSSION**

Green Tree challenges the trial court's judgment against it for breach of the implied warranty of title in connection with its sale of the manufactured home to A-1. The Business and Commerce Code outlines an implicit warranty by the seller of goods that (1) the title conveyed shall be good, and its transfer rightful; and (2) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge. Tex. Bus. & Com. Code § 2.312(a). A breach of this implied warranty of title is actionable under the DTPA, and a party prevailing on its DTPA claim is entitled to recovery of its attorney's fees. *Id.* § 17.50(a)(2), (d); *Saenz Motors v. Big H. Auto Auction, Inc.*, 653 S.W.2d 521, 524-25 (Tex. App.—Corpus Christi 1983), *aff'd*, 665 S.W.2d 756 (Tex. 1984).

Green Tree argues that because the trial court ultimately found that the Albas had no ownership interest in or lien on the manufactured home, the title that Green Tree conveyed was indeed "good" and "unencumbered," and therefore Green Tree's actions could not have constituted a breach as a matter of law. A-1 cites the TDHCA's refusal to issue the SOL as evidence of Green Tree's failure to convey good title. A-1 argues that a breach of the implied warranty of title may be found not only when the seller's title is not good in fact, but also under circumstances when a third party's assertion of a colorable, nonspurious ownership claim subjects the buyer to a lawsuit to protect its ownership interest.

A-1 cites case law from other jurisdictions upholding breach of the warranty of title when a third party has asserted a colorable ownership claim to the subject property even when that ownership claim ultimately proves meritless; however, no Texas court has so expanded the plain

4

language of section 2.312 of the Business and Commerce Code. *Compare* Tex. Bus. & Com. Code § 2.312(a) (providing that seller warrants that title is good, transfer is rightful, and goods are free of security interests and other encumbrances and liens), *with, e.g.*, *Frank Arnold Contractors, Inc. v. Vilsmeier Auction Co.*, 806 F.2d 462, 464-65 (3d Cir. 1986) (determining that Pennsylvania law would allow purchaser "to recover for a breach of warranty of title when he demonstrates the existence of a cloud on his title, regardless of whether it eventually develops that the third party's title is superior"). Rather, Texas courts have required disturbance of a buyer's "quiet possession" for the buyer to succeed on its claim for breach of the warranty of title. *See Saenz Motors*, 653 S.W.2d at 524-25 (seizure of vehicle by DPS on allegation that it was stolen held sufficient to support breach regardless of whether allegation was proven true); *Trial v. McCoy*, 553 S.W.2d 199, 200-01 (Tex. Civ. App.—El Paso 1977, no writ) (police's seizure of pistol on allegation that it was stolen held sufficient to establish breach regardless of whether buyer could prove it was stolen); *see also Ammons v. Nissan*, No. 14-00-01286-CV, 2001 WL 1013384, at *2 (Tex. App.—Houston [14th Dist.] Sept. 6, 2001, no pet.) (not designated for publication) (noting "common thread" in Texas cases finding breach due to disturbance of quiet possession is that item at issue "was never returned to the buyer").

Texas cases where a breach of the warranty of title has been found due to the seller's failure to provide a title certificate have also involved disturbance of the buyer's possession by seizure or other deprivation of the physical item by a third party. *See Horta v. Tennison*, 671 S.W.2d 720, 723-24 (Tex. App.—Houston [1st Dist.] 1984, no writ) (police's impoundment of vehicle plus seller's failure to provide title certificate constituted breach of warranty); *H.E.D. Sales, Inc. v. Szelc*,

5

596 S.W.2d 299, 300-01 (Tex. Civ. App.—Houston [14th Dist.] 1980), *rev'd in part on other grounds*, 603 S.W.2d 803 (Tex. 1980) (car dealer's failure to provide buyer title certificate plus bank's seizure of car constituted breach of warranty of title). No Texas court has held that a buyer whose quiet possession has not been disturbed may prevail on a claim against the seller for breach of the warranty of title outlined in section 2.312(a).[4]

Here, A-1 cannot point to any action, including the TDHCA's failure to issue the SOL, that disturbed its quiet possession of the manufactured home. In fact, A-1 was able to resell the home to yet another purchaser who, as of the trial date, had not raised any claims against A-1 for its failure to provide an SOL.[5] Furthermore, although the trial court made a fact finding that Green Tree sold the home to A-1 "without *an accompanying* good and marketable *title*" (emphasis added), section 2.312 does not contain the explicit requirement that a seller's conveyance include a title certificate or other documentary proof of ownership.[6] *See* Tex. Bus. & Com. Code § 2.312(a)

---

[4] By analogy, cases involving real property that have found breach of the warranty of title have similarly required some form of eviction, either actual or constructive, of the purchaser from the property rather than the mere existence of a cloud on the property's title. *See Schneider v. Lipscomb Cnty. Nat'l Farm Loan Ass'n*, 202 S.W.2d 832, 834 (Tex. 1947); *French v. Bank of the S.W. Nat'l Ass'n*, 422 S.W.2d 1, 6 (Tex. Civ. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.); *Schell v. Black*, 321 S.W.2d 373, 375 (Tex. Civ. App.—Eastland 1959, no writ); *see also Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987) (proper measure of damages for breach of warranty of good title is consideration paid for real property, and absent evidence of such damage, there can be no breach).

[5] Although the trial court's award to A-1 of $3,549.11 in economic damages was supported by a finding of fact, it is not clear from the record what evidentiary support there was for actual economic damages. However, Green Tree does not assert any evidentiary challenges to the award of these damages.

[6] While the Business and Commerce Code does not define the term "title," it does define the term "document of title" as being a "record that in the regular course of business or financing is treated as adequately evidencing that the person in possession or control of the record is entitled to

(seller warrants that "the title conveyed shall be good, and its transfer rightful"); *see also American Petrofina, Inc. v. PPG Indus., Inc.*, 679 S.W.2d 740, 749 (Tex. App.—Fort Worth 1984, writ dism'd) (refusing to broaden warranty of title to create warranty of *delivery* of goods where statute reads that "goods shall be delivered free from any security interest or other lien or encumbrance" and noting that defendant could not have breached warranty of good title "since there was no showing [it] did not have good title" to items sold). While the statute does not define "title," we conclude that its use of the term, modified by the adjective "good," countenances legal ownership rather than a documentary record, especially since the statute applies to the sale of goods, which often as a matter of course do not have title certificates or similar documentation. *Cf. Doyle v. Harben*, 660 S.W.2d 586, 588 (Tex. App.—San Antonio 1983, no writ) (noting that even though seller had acquired title certificates to cars from Department of Highways and Public Transportation, it nonetheless had never acquired "good title" to them because they were stolen).

The trial court's fact findings that the Albas lacked an ownership interest in the home, that the home is not encumbered by any lien or charge in the Albas' favor, and that the home is owned exclusively by A-1 support the conclusion, as a matter of law, that Green Tree did not breach the warranty of title because (1) Green Tree in fact had "good" title to the manufactured home at the time of the sale, (2) the transfer to A-1 was accordingly "rightful," and (3) Green Tree delivered the home to A-1 "free" of any security interest or other lien or encumbrance. *See* Tex. Bus. & Com. Code § 2.312(a). On these facts, and in light of Texas case law requiring a disturbance of

---

receive, control, hold, and dispose of the record and the goods the record covers." Tex. Bus. & Com. Code § 1.201(b)(16). The warranty statute at issue here refers generally to "title," not a "document of title." *See id.* § 2.312(a).

quiet possession for actionable breach of the warranty of title, we hold that the trial court erred in determining that Green Tree breached the implied warranty of title in the sale of the manufactured home to A-1. Accordingly, we reverse the trial court's judgment awarding damages and attorney's fees to A-1 and render judgment that A-1 take nothing on its claims against Green Tree.[7]

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Reversed and Rendered

Filed: August 7, 2014

_____

[7] Because of our disposition on this issue, we need not address Green Tree's additional issues. *See* Tex. R. App. P. 47.1.