**VICTORIA AIR CONDITIONING, INC., Appellant,**

v.

**LEBCO CONSTRUCTORS, INC., Appellee.**

No. 13–87–271–CV.

Court of Appeals of Texas, Corpus Christi.

May 19, 1988.

Rehearing Denied June 30, 1988.

Robert P. Houston, Houston, Marek & Knaupp, Victoria, for appellant.

Richard L. Crozier, Salmanson, Smith, Deitch & Travis, Austin, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is a suit on a contract. Appellant, Victoria Air Conditioning, Inc. (VAC), submitted a bid to Lebco Constructors, Inc. (Lebco) for the heating, ventilation and air conditioning work on a construction project in Austin, Texas. Lebco used VAC's bid, which was the lowest bid for the work, in its general bid. After being awarded the general contract for the project, Lebco orally informed VAC that its bid had been accepted. Both Lebco and VAC responded with written confirmation of the bid and its acceptance by Lebco.

Within a week, Lebco sent VAC a proposed written subcontract incorporating the terms of their agreement, and requested that VAC execute the subcontract and return it with a certificate of insurance and a bond.

VAC failed to respond to Lebco's request. Approximately two and a half months later, during which Lebco repeatedly asked VAC to return the executed subcontract, VAC declined to sign the subcontract as it found it to be unacceptable. VAC sent its own subcontract to Lebco. Lebco found VAC's subcontract unacceptable, likewise declined to sign it and terminated its relationship with VAC. VAC brought suit contending that Lebco had breached its contract with VAC.

After a trial on the merits before a jury, the trial court entered a take-nothing judgment against VAC. Appellant, VAC, presents four points of error for review.

In its first point of error, appellant complains that the trial court should not have submitted special issues 3 and 5 because they are not controlling issues of fact supported by the pleadings.

Appellant objected to special issue 3 at trial contending in part that it was not supported by the pleadings. Appellant did not object to this issue on the grounds that it does not submit controlling issues of fact. Appellant objected to special issue 5 contending that it was multifarious and that the *definition* for the term "contract" was not supported by the pleadings. Appellant did not object to special issue 5 on the grounds that it was not a controlling issue of fact.

Tex.R.Civ.P. 274 (Vernon 1976) requires that "a party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection." Any complaint to a special issue shall be deemed waived unless specifically included in the objection. *George*

*Pharis Chevrolet, Inc. v. Polk*, 661 S.W.2d 314, 316 (Tex.App.—Houston [1st Dist.] 1983, no writ). Having failed to distinctly point out to the trial court its objections to issues 3 and 5, appellant's complaints that they do not submit controlling issues of fact have been waived.

In its second point, appellant asserts that there is a fatal conflict in the jury's verdict. Special issue 1 reads:

Do you find from a preponderance of the evidence that Lebco Constructors, Inc., accepted Victoria Air Conditioning, Inc.'s bid proposal in writing?

An acceptance must not change or qualify the terms of the offer, if it does, the offer is not accepted.

Answer "yes" "no"

Answer "yes."

Special issue 2 is similarly worded except that it inquires as to whether Lebco accepted VAC's bid proposal orally. The jury affirmatively answered both issues 1 and 2. Special Issues 3 and 5 inquired whether the parties intended the bid proposal and acceptance of the bid to be a binding contract. The jury answered issues 3 and 5 negatively.

Based upon the jury's answers to issues 3 and 5, the trial court rendered judgment for Lebco. Appellant contends that the answers to issues 3 and 5 conflict with the answers to issues 1 and 2, and that by the jury's answers to issues 1 and 2, appellant is entitled to judgment.

In *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 260 (Tex. 1980), the Texas Supreme Court set forth the test for determining whether jury findings conflict:

[T]he threshold question is whether the findings are about the same material fact. A court may not strike down jury answers on the ground of a conflict if there is any reasonable basis upon which they can be reconciled. The court must 'reconcile apparent conflicts in the jury's findings' if reasonably possible in light of the pleadings and evidence, the manner of submission, and the other findings considered as a whole. Where the issues submitted 'admit of more than one rea-

sonable construction,' that which avoids a conflict in the answers is generally adopted. [citations omitted].

*See also Luna v. Southern Pacific Transportation Co.*, 724 S.W.2d 383, 384 (Tex. 1987).

■ In the instant case, there was testimony that although Lebco had unconditionally accepted VAC's bid, they did not intend to be bound until the execution of a formal subcontract. In light of this testimony, the pleadings, the manner of submission and the other findings, we hold that the jury answers can be reasonably reconciled and are not in conflict. Appellant's second point of error is overruled.

■ In its third point of error, appellant asserts that the intent to form a binding contract and the existence of a binding contract were established as a matter of law. The correspondence between the parties, however, indicates that they contemplated a written subcontract.

There was an exchange of written memoranda which indicated that Lebco had accepted VAC's bid. Lebco, however, in its letter indicated that it was in the process of issuing a written subcontract to VAC for execution. Both Lebco and VAC disagree on whether the acceptance of VAC's bid created a binding contract in the absence of the written subcontract. The testimony further adduced that although the parties had agreed on the scope of work and price to be paid, other terms remained unsettled. The evidence was also conflicting on whether in the construction industry, a general contractor's acceptance of a subcontractor's bid created a binding contract prior to the execution of a formal subcontract.

■ Although a contract may be created prior to the execution of a formal document, the intent of the parties to make a binding agreement is the ultimate issue. *Scott v. Ingle Bros. Pacific, Inc.*, 489 S.W. 2d 554, 555–56 (Tex.1972); *Hemenway Co. v. Sequoia Pacific Realco*, 590 S.W.2d 545, 548 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.). This principle applies equally in the construction industry.

Whether parties contemplate the execution of a formal subcontract following acceptance of the bid before they will be bound is a question of fact. *Scott*, 489 S.W.2d at 555–56; *Preload Technology, Inc. v. A.B. & J. Construction Co.*, 696 F.2d 1080, 1090 (5th Cir.1983). Consequently, the parties intent to form a binding contract and the existence of a binding contract were not established as a matter of law, but were fact issues to be determined by the fact-finder. *See Simmons & Simmons Construction Co. v. Rea*, 151 Tex. 353, 286 S.W.2d 415, 417–18 (1956). Appellant's third point of error is overruled.

In his final point of error, appellant complains that the jury's answer to special issue 8 is against the great weight and preponderance of the evidence. Special issue 8 asked the jury to determine the reasonable and necessary attorney's fees for the trial and appeals of the case. The jury answered "0."

Tex.R.Civ.P. 324(b) (Vernon Supp.1987) provides that:

A point in a motion for new trial is a prerequisite to the following complaints on appeal:

(3) A complaint that a jury finding is against the overwhelming weight of the evidence;

Although appellant filed a motion for new trial, it neglected to complain that special issue 8 was against the great weight and preponderance of the evidence. Consequently, appellant has waived any error on this point. Even if appellant had properly preserved error, appellant would not be entitled to attorney fees since judgment was for the appellees.

All of appellant's points of error have been considered and are overruled. The judgment of the trial court is AFFIRMED.