**RAUSCHER PIERCE REFSNES, INC., Appellant,**

**v.**

**Lindsey A. KOENIG, Appellee.**

**No. 13–89–450–CV.**

Court of Appeals of Texas, Corpus Christi.

June 29, 1990.

Rehearing Overruled Aug. 31, 1990.

L. Nelson Hall, William R. Kendall, Jr., Kleberg & Head, Corpus Christi, for appellant.

William J. Kolb, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES, and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is a suit for breach of contract brought by a securities firm against an alleged client. Appellant, Rauscher Pierce Refsnes, Inc., and appellee, Lindsey A. Koenig allegedly agreed that Rauscher Pierce would purchase 25,000 shares of stock for Koenig. After Rauscher Pierce purchased the stock, Koenig refused to pay the $111,427.18 purchase price. Rauscher Pierce liquidated the stock, suffering a $39,381.40 loss. Rauscher Pierce sued Koenig to recover this amount. The jury found that Koenig breached his agreement with Rauscher Pierce and awarded it $39,-381.40 in compensatory damages and $17,-127.00 in attorneys fees. The trial court entered judgment notwithstanding the jury finding regarding attorneys fees.

By two points of error, Rauscher Pierce complains that the trial court erred by disregarding the jury finding concerning attorney's fees and by denying its pretrial motion for leave to amend its pleadings. Koenig, as cross-appellant, alleges that the trial court erred by submitting a question of law to the jury.

Ronald Storz, a registered representative with Rauscher Pierce, testified that on October 16, 1987, Lindsey Koenig told him to purchase 12,000 shares of Chemical Bank Class B common stock at four dollars and thirty-seven and one-half cents per share (4.375). They also agreed on a commission. Storz placed the order, and 300 shares were purchased that day. On October 19, 1987, Koenig told Storz that he was changing his order from 12,000 shares to 25,000 shares. That day, Storz purchased 24,700 shares on Koenig's behalf (25,000 less the 300 shares already purchased). The total purchase price for the 25,000 shares was $111,427.18. Storz told Koenig that Rauscher Pierce needed to be paid for the stock by October 26, 1987. Koenig told Storz that he was not going to pay for the stock. The stock market fell, Koenig refused to pay for the stock, Rauscher Pierce then liquidated the stock, losing $39,381.40. Koenig testified that he did not authorize Storz to purchase any stock for him. He denied knowing Storz, but admitted talking to him over the telephone. He also admitted that on October 19, 1987, Storz told him that he had purchased 24,700 shares for a total purchase of 25,000 shares. The jury answered special issues against Koenig.

In its first point of error, Rauscher Pierce complains that the trial court erred by entering judgment notwithstanding the jury's answer to special question number four. This question asked, "What sum of money, if any, do you find to be reasonable attorneys' fees for the necessary services by RAUSCHER PIERCE REFSNES INC.'S lawyers...."

Rauscher Pierce's co-counsel, Kay B. Walker, testified that her law firm and Rauscher Pierce agreed to a one-third contingency fee arrangement. She also testified that her law firm had incurred reasonable and necessary attorneys fees of $21,-220.50. Walker testified that an appeal to this Court would cost $2,500.00, that mak-

ing or responding to an application for writ of error to the Texas Supreme Court would cost $1,000.00, and that if the supreme court granted writ of error, $500 would cover the cost. The jury awarded attorneys fees as follows: $13,127.00 for trial of the case; $2,500.00 for an appeal to this Court; $1,000.00 for making or responding to an application for writ of error to the Texas Supreme Court; and $500.00 if the application for writ of error is granted.

Koenig filed a "MOTION FOR NEW TRIAL" contending that the trial court erred by submitting special question number four. Koenig's motion states that there is no evidence that Rauscher Pierce's attorneys had an independent right to recover their fees. He contended that Rauscher Pierce's attorneys had a one-third contingency fee arrangement, therefore, their interest is "wholly derivative" of their client and will not support a separate recovery for attorneys fees. The trial court disregarded the jury's answer to special question number four and entered judgment that Rauscher Pierce take no attorneys fees.

Rauscher Pierce seeks to recover its attorneys' fees under Tex.Civ.Prac. & Rem. Code Ann. § 38.001 (Vernon 1986). This section provides, in pertinent part, that:

> A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:

> .    .    .    .    .

> (8) an oral or written contract.

■ Section 38.001 envisions that a party who recovers damages for breach of contract receives a full recovery plus a reasonable attorneys fee. Here, Rauscher Pierce's co-counsel testified regarding the amount of attorneys fees expended for trial and the fees needed for any appeals. The fact that Rauscher Pierce agreed to a one-third contingency fee arrangement with his client does not determine the amount of attorneys fees Rauscher Pierce may recover. The recovery of attorneys fees is provided for by statute, the amount of which must be found by the trier of fact and must be supported by the evidence.

■ Special question findings may be disregarded which are immaterial or have no support in the evidence. *Eubanks v. Winn*, 420 S.W.2d 698, 701 (Tex.1967); *Ramirez v. National Standard Insurance Co.*, 563 S.W.2d 837, 838 (Tex.Civ.App.— Corpus Christi 1978, no writ); Tex.R.Civ. Proc. 301. In this case, the evidence supports the jury's finding regarding special question number four. We sustain the point of error and render judgment that Rauscher Pierce recover the attorneys fees awarded by the jury.

In its second point of error, Rauscher Pierce complains that the trial court erred in denying its pre-trial motion for leave to amend its pleadings in order to add a request for prejudgment interest. On June 16, 1989, Rauscher Pierce filed a pretrial "MOTION FOR LEAVE TO AMEND PETITION" and sought the trial court's permission to amend its pleadings to include a prayer for prejudgment interest. On the day of trial, the court held a hearing on the matter. Koenig objected to the amendment on the ground that the "deadline has passed". Koenig said that he was surprised that Rauscher Pierce's attorneys did not know that a request for prejudgment interest had to be pleaded. He argued that prejudgment interest is something that he would have liked to look at and consider. The trial court denied Rauscher Pierce's motion to amend its pleadings.

■ According to Tex.R.Civ.Proc. 63 and 66, a trial court has no discretion to refuse an amendment unless: (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Greenhalgh v. Service Lloyds Insurance Co.*, 787 S.W.2d 938, 939 (Tex.1990). Under Rule 63, the burden of convincing the trial court that the late filing of an amended pleading will operate as a surprise rests on the party resisting the filing of that pleading, as does the burden of showing prejudice in case of a trial amendment offered under Rule 66. The burden of demonstrat-

ing that the trial court erred in refusing to permit the amendment rests on the party contending that the rules do not justify the action. *Patino v. Texas Employers Insurance Association*, 491 S.W.2d 754, 756 (Tex.Civ.App.—Austin 1973, writ ref'd n.r. e.). In *Benavidez v. Isles Construction Co.*, 726 S.W.2d 23, 26 (Tex.1987), the trial court refused to permit the plaintiff to file a postverdict trial amendment requesting prejudgment interest. The supreme court stated:

> The recovery of prejudgment interest does not require any evidentiary proof at trial. It simply requires a mechanical application of the *Cavnar* formula by the trial court after the verdict has been returned. This being the case, Benavidez' trial amendment could not have caused any surprise or prejudice to Isles Construction Company. We hold the trial court's refusal of the amendment was arbitrary and unreasonable and therefore an abuse of discretion.

■ In the instant case, Rauscher Pierce's pretrial amendment requesting prejudgment interest raised no new substantive matters. Koenig made no showing of surprise or prejudice. Therefore, the trial court abused its discretion as a matter of law by not allowing Rauscher Pierce to amend its pleadings to include a request for prejudgment interest. *See Benavidez*, 726 S.W.2d at 26.

■ Rauscher Pierce requests this Court to award prejudgment interest compounded daily. As stated by the supreme court in *Rio Grande Land & Cattle Co. v. Light*, 758 S.W.2d 747 (Tex.1988) and *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929 (Tex. 1988), in a breach of contract action where damages are not ascertainable from the face of the contract, the case is governed by Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 (Vernon Supp.1990). We therefore render judgment that Rauscher Pierce receive prejudgment interest at the judgment rate set out in article 5069–1.05 and remand this case to the trial court for the computation of that amount.

■ Koenig, in his sole point of error, complains that the trial court erred by submitting special question number one because it assumes facts in dispute and is a question of law. This question asked,

> Do you find from a preponderance of the evidence that an agreement existed between RAUSCHER PIERCE REFSNES INC. and LINDSEY A. KOENIG wherein RAUSCHER PIERCE REFSNES, INC. agreed to purchase 25,-000 shares of Chemical Bank Class B Common Stock (the "shares") on LINDSEY A. KOENIG'S behalf and LINDSEY A. KOENIG promised to pay for the shares and the services of RAUSCHER PIERCE REFSNES, INC.

> Parties make an "agreement" by mutually assenting to assume certain rights and obligations with respect to each other. "Mutual assent" occurs when one party makes an offer to another party to do or refrain from doing something and then the other party accepts that offer exactly as it has been made.

The jury answered "Yes" to this question.

Koenig contends that this question denied him a jury trial on the underlying factual issues concerning whether there was a meeting of the minds on all the material terms of a contract, i.e., time, price per share, commission and number of shares. He argues that this question should not have been submitted because it asked the jury a question of law regarding the legal effect of the contract.

In *Island Recreational Development Corp. v. Republic of Texas Savings Association*, 710 S.W.2d 551 (Tex.1986), a case where plaintiffs complained of breach of a loan commitment by a bank involving waiver and estoppel of the commitment period, the trial court submitted a broad issue to the jury asking whether they found that "plaintiffs performed their obligations under the commitment letter in question." The supreme court held that trial courts are permitted, and even urged, to submit the controlling issues of a case in broad terms in order to simplify the jury's chore. *Island*, 710 S.W.2d at 555; *see also Glendon Investments, Inc. v. Brooks*, 748 S.W.2d 465, 469 (Tex.App.—Houston [1st

Dist.] 1988, writ denied); *American Cyanamid Co. v. Frankson,* 732 S.W.2d 648, 658 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). Additionally, Texas Rule of Civil Procedure 277, governing submission to the jury, was amended in 1987 to provide that the trial court shall, "whenever feasible, submit the cause upon broad form questions." Tex.R.Civ.P. 277.

The intent of the parties to enter into a binding agreement is the threshold issue in a breach of contract case. *Victoria Air Conditioning, Inc., v. Lebco Constructors, Inc.,* 752 S.W.2d 625, 627 (Tex.App.—Corpus Christi 1988, writ denied). The issue of whether an agreement was reached by the parties is generally a question of fact where the existence or nonexistence of the agreement is disputed. *Preston Farm & Ranch Supply, Inc. v. Bio–Zyme Enterprises,* 625 S.W.2d 295, 298 (Tex.1981); *Risica & Sons, Inc. v. Tubelite, a Division of Indal, Inc.,* 794 S.W.2d 268 (Tex.App.—Corpus Christi 1990, n.w.h.); *Industrial Disposal Supply Co. v. Perryman Brothers Trash Service, Inc.,* 664 S.W.2d 756, 765 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). The question of whether Rauscher Pierce and Koenig entered into an agreement to purchase 25,000 shares of Chemical Bank Class B common stock was disputed in this case. We hold that the trial court did not err by submitting special question number one to the jury.

We REVERSE that part of the trial court's judgment pertaining to attorneys fees and RENDER that Rauscher Pierce recover $17,127.00 in attorneys fees. We RENDER that Rauscher Pierce recover prejudgment interest at the rate set out in article 5069–1.05 and REMAND this case to the trial court for a computation of that amount. The trial court's judgment is otherwise AFFIRMED.