**John BAKER d/b/a Baker Roofing and Sheetmetal, Appellant,**

**v.**

**Kurt KUNZMAN & Wife, Judy Kunzman, Appellees.**

No. 12–93–00071–CV.

Court of Appeals of Texas, Tyler.

March 30, 1994.

Rehearing Overruled April 28, 1994.

Kenneth A. Huchton, Tyler, for appellant.

T.J. Baynham, Jr., Tyler, for appellees.

HOLCOMB, Justice.

This appeal arises from a default judgment and denial of new trial in a suit brought under the Texas Deceptive Trade Practices Act (DTPA). We will reform and affirm.

The Kunzmans, Appellees, built a home, upon which Appellant installed the roofing in July, 1991. Within two weeks, Appellees noticed that water was damaging the interior ceilings and called Appellant to repair the roof. Appellees testified that they made numerous calls to Appellant's answering machine each day for two weeks before Appellant finally returned their calls. Appellant made some minor repairs to the roof in August, 1991, but put off making repairs to the interior damage until the results of the roof repairs could be determined. Despite repeated phone calls Appellees were unable to get Appellant to fix the interior damage. Appellees continued to have problems with water leaking through the roof which also began to stain the exterior walls.

In April, 1992, Appellees' attorney wrote Appellant a demand letter, enumerating the extent of the damages and asking that Appellant correct the problems with the roof, which was covered by a two year warranty on labor and material. As reflected by correspondence between the attorneys for both parties, some attempts at resolving the issue were made between July and September, 1992. Appellees filed suit on November 19, 1992, and personally served Appellant four days later on November 23, 1992. At the hearing on the motion for new trial Appellant states he mailed the suit papers to his attorney, who in turn testified he never received them. Appellant testified he never talked to his counsel from the time he received the suit until he received the notice of default judgment from the district court. Counsel for Appellant, however, testified Appellant called him when he received service and he told Appellant to bring the suit papers to his office, and after not hearing from Appellant, he called and left messages on Appellant's answering machine for Appellant to contact him. Appellant testified he called counsel only after he received the notice of default judgment. Appellant quickly filed a motion for new trial, arguing that the failure to answer was because of mistake or accident, that he had a defense, that he would reimburse Appellees for the costs of taking the default judgment, and that the granting of the motion would not cause delay or other injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939).

█ Appellant argues, in his first point of error, that he presented evidence to show that he was entitled to a new trial under the elements of *Craddock*. He argues that by placing the suit in the mail he had made a reasonable effort to get the suit to his counsel, since the mail usually is delivered. His

counsel's actions, while not directly at issue, also show that counsel was not consciously indifferent to responding to the petition.

The trial court had two versions of Appellant's actions between the times he received service of process and the notice of default judgment. First, he could believe Appellant received service and without talking to his attorney, forwarded the petition and never inquired as to the status of the answer. Secondly the trial court could have believed that Appellant's counsel told him to bring the petition to him and that counsel tried to call Appellant when Appellant had not come in to talk with him. Either way the trial court could believe Appellant was consciously indifferent or intentionally disregarded the need to answer Appellees' petition. Reinforcing this conclusion is the evidence that Appellant had shown an indifferent attitude toward solving the problems from the beginning, over a year before.

■ In the absence of findings of fact and conclusions of law, the judgment of the trial court will be upheld on any theory that finds support in the record. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). The trial court's ruling on a motion for new trial will not be disturbed on appeal absent a showing of an abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984).

At the end of the hearing on the motion for new trial the court announced:

> I think [*Craddock*] is the controlling case. I do not find the necessary elements to grant the motion for new trial. The motion for new trial is denied.

We believe that Appellant's own testimony raises and does not negate the inference of intentional disregard or conscious indifference by Appellant. *Craddock*, 133 S.W.2d at 125 (absence of intentional failure rather than a real excuse for not answering was the controlling issue). We also find that the trial court followed established rules and principles and acted within his discretion by denying the motion for new trial. Point of error one is overruled.

■ By point of error two Appellant complains that the dispute arose after the completion of a contract and is not actionable under the DTPA but lies in contract. Appellees' suit alleged that the roof was improperly installed and then improperly repaired, all of which lead to the claimed damages. This suit involved the actual repairs and not a construction of a contract provision of when or how the warranty was to be satisfied. *See Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349 (Tex.1987); *Winkler v. SAR Mfg. Co.*, 508 S.W.2d 107 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). Appellees properly pled an actionable cause under the DTPA. Point of error two is overruled.

■ By points of error three, four, and five, Appellant argues that the damages were not proven. Appellant argues that there must be proof that the damages were factually caused by the conduct which violates the DTPA before the victim may recover the total cost of repairs. *Kish v. Van Note*, 692 S.W.2d 463 (Tex.1985); *McKnight v. Hill & Hill Exterminators, Inc.*, 689 S.W.2d 206 (Tex.1985).

Appellees' petition alleges extensive damage to interior and exterior surfaces as a result of the leaking roof. Kurt Kunzman testified that the roof leaked, that Appellant came to repair it, and that the roof continued to leak. He was asked:

> Q. Did [Appellant] ever offer to make full repairs including the leaks inside the house?
> A. Not total repair. All he would do— He said, "Yes, I see the leaks, and yes, they need to be fixed. And yes, I'll send somebody out." And no one has ever come out to fix it.

When asked how much the repairs to his house would cost, Kunzman answered:

> A. Around $4,900.00.
> Q. And that's to fix inside and outside?
> A. Inside and outside.
> Q. Are you asking the court to award you the sum of $4,918.00, the amount of money to repair the damage done by Baker Roofing Company?
> A. Yes.

We believe this is sufficient evidence that the damages arose from and were caused by the faulty installation of the roof. Appellant's

**756**

points of error three, four, and five are overruled.

By point of error six, Appellant argues that the damages were improperly computed and in excess of the "treble" damages allowed by the DTPA. Appellees agree that the damages were improperly computed and agree that the judgment should be reformed. The trial court found that Appellees' actual damages were $4,918.00, and that there were grounds to "treble" the damages under TEXAS BUSINESS & COMMERCE CODE § 17.50(b)(1) (Vernon 1987). While correctly stating the method for computing damages under DTPA, the judgment reflects damages in excess of $18,000.00, that cannot be reconciled with the statutory method of computing damages. All parties agree that damages of $14,754.00 should have been entered on the judgment after a proper application of the statutory provisions. Point of error six is sustained.

By points of error seven and eight, Appellant argues that there was no evidence to show the amount of attorney's fees awarded were either "reasonable and necessary" or "usual and customary" as required by TEXAS BUSINESS & COMMERCE CODE section 17.50(d). Appellant agrees that a consumer may recover attorney's fees, if successful in a DTPA action, but argues that the reasonable and necessary amount was not proven in this case. Kunzman testified that he had a one-third contingency fee contract with his counsel and that he, Appellee, thought that was a reasonable fee. While the testimony of non-attorneys may be considered when awarding attorney's fees, *Gill Sav. Ass'n v. Chair King, Inc.*, 797 S.W.2d 31 (Tex.1990), we agree with Appellant that the naked contract between attorney and client does not make the fees either reasonable or necessary; that is a decision for the trier of fact to make based on the evidence. *Rauscher Pierce Refsnes, Inc. v. Koenig*, 794 S.W.2d 514, 516 (Tex.App.—Corpus Christi 1990, writ denied). The trial court, if Appellee had asked, could have taken judicial notice of the usual and customary fees charged in the community and based an award on that finding. *Austin Area Teacher's Federal Credit Union v. First City Bank–Northwest Hills, N.A.*, 825 S.W.2d 795 (Tex.App.—Austin 1992, writ ref'd). However, we presume the trial court, even without a request, as authorized by TEXAS CIVIL PRACTICES & REMEDIES CODE section 38.004, took judicial notice of the usual and customary fees, as well as the contents of the case file, in awarding attorney's fees to Appellees. *Vaughn v. Texas Employment Com'n*, 792 S.W.2d 139, 144 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Bloom v. Bloom*, 767 S.W.2d 463, 471 (Tex.App.—San Antonio 1989, writ denied) (motion for writ of mandamus overruled).

Appellees again agree that the award of $6,224.00 for attorney's fees was not what was asked for or proven and agree that the judgment should be reformed to reflect an award of $4,918.00, or one-third of the damages awarded, as attorney's fees. Since Appellees did not request any additional attorney's fees if the case was taken on appeal, we agree with the trial court that the award of $4,918.00 would be a reasonable fee for filing suit, taking the default judgment, appearing at the hearing on the motion for new trial, and responding to this or a subsequent appeal. Points of error seven and eight are sustained as to the amount of attorney's fees in excess of $4,918.00.

The judgment is therefore reformed in that Kurt and Judy Kunzman, should recover of the Appellant John Baker d/b/a Baker Roofing and Sheetmetal, the sum of $14,754.00, together with attorney's fees in the amount of $4,918.00, and interest at the rate of ten percent (10%) from entry of judgment, and as reformed, the judgment of the trial court is affirmed.

The judgment of the trial court is reformed and, as reformed, affirmed.

RAMEY, C.J., and BILL BASS, J., concur in the result.