IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00233-CV

 

Brandon Scott Kelley,

                                                                      Appellant

 v.

 

Nicole Lee Sweeney,

                                                                      Appellee

 

 

 



From the 410th District Court

Montgomery County, Texas

Trial Court No. 03-09-06553 CV

 



MEMORANDUM  Opinion



 

          Nicole Sweeney sued Brandon Kelley to
establish his parentage of E.N.K. on September 9, 2003.  She also sought sole
managing conservatorship and past and future child support and health care
expenses.  On February 24, 2004, Kelley filed a pro se answer denying Sweeney’s
allegations.

          According to both parties, they
attended court-ordered mediation on February 25, 2004, but no agreement was
reached.  Both parties agree that the trial court set the case for a trial on
March 16, 2004.  Kelley did not attend the March 16 trial, and the trial court
entered an order adjudicating Kelley to be the father of E.N.K., appointing
Sweeney sole managing conservator, and ordering Kelley to pay monthly child
support.  There is no reporter’s record in this appeal.

          Kelley filed a motion for new trial
and a supporting affidavit, alleging that his failure to appear was accidental
because he had been ill for several days before the March 16 hearing, had not
been to work, and was unable to check his calendar.  He asserts that he did not
remember that the hearing was on March 16.  He states that when he returned to
work on March 16 and was reminded of the hearing, the time for the hearing had
passed.  He concludes his affidavit by stating that his failure to appear was
not the result of conscious indifference, that granting a new trial will not
cause delay or injury to any party, and that a new trial will be in the child’s
best interest.

          Kelley sought an oral hearing on his
motion for new trial, but he later filed a notice that his motion would be submitted
for ruling without a hearing.

          Sweeney filed an objection to Kelley’s
motion for new trial that included her affidavit and a request for a hearing. 
Her affidavit states that immediately after mediation and in court, after the
trial judge set the case for trial on March 16, Kelley asked the trial judge if
he would be getting a reminder of the trial date.  Sweeney states that the
trial judge told Kelley that he would not be receiving notice and that he
should write the date on his calendar.  She states that Kelley does not keep a
routine calendar, that normally his mother reminds him of important dates, and
that Kelley did not inform his mother of the March 16 trial.  Sweeney further
states that she asked Kelley why he didn’t attend the trial and that Kelley
responded that he had more important things on his mind, such as his pending
armed robbery case.  Finally, Sweeney states that she contacted Kelley on March
16, several hours after the trial, to ask him why he had failed to appear, and
Kelley told her that he was not aware of the trial date.  She adds that Kelley
did not indicate that he had looked at any calendars.

          The trial court denied Kelley’s motion
for new trial, and Kelley appeals that denial.  A trial court’s denial of a
motion for new trial is reviewed for abuse of discretion.  Director v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994); Cliff v. Huggins, 724 S.W.2d
778, 778-79 (Tex. 1987).  An abuse of discretion occurs when a trial court
fails to correctly analyze or apply the law.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992).  Thus, a trial court abuses its discretion by
not granting a new trial when all three elements of the Craddock test
are met.  Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 85 (Tex. 1992).

Craddock provides that a default judgment should be set aside and a new
trial ordered in any case in which:

[1] the failure of the defendant to answer
before judgment was not intentional, or the result of conscious indifference on
his part, but was due to a mistake or an accident; [2] provided the motion for
a new trial sets up a meritorious defense and [3] is filed at a time when the
granting thereof will occasion no delay or otherwise work an injury to the
plaintiff.

 

Evans,
889 S.W.2d at 268 (quoting Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939)).  The prerequisites for setting aside a no-answer
default judgment apply to a post-answer default judgment.  See, e.g., Cliff,
724 S.W.2d at 779; Grissom v. Watson, 704 S.W.2d 325, 326 (Tex. 1986).  They also apply to SAPCR suits.  See, e.g., In re R.H., 75 S.W.3d 126,
130 (Tex. App.—San Antonio 2002, no pet.).  The defaulting defendant has the
burden of proving all three elements of the Craddock test are met before
a trial court is required to grant a motion for new trial.  Freeman v.
Pevehouse, 79 S.W.3d 637, 641 (Tex. App.—Waco 2002, no pet.).

          Unless the plaintiff specifically controverts
the facts alleged by the defendant for a new trial, the defendant will prevail
on the issue of mistake.  McClure v. Landis, 959 S.W.2d 679, 681 (Tex.
App.—Austin 1997, writ denied).  When the facts supporting a motion for new
trial are controverted, ordinarily the trial court will conduct a hearing.  Estate
of Pollack v. McMurrey, 858 S.W.2d 388, 392 (Tex. 1993); Puri v. Mansukhani,
973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  If the
facts are contested and the movant does not request a hearing, generally the
movant will not be able to show on appeal that he was entitled to a new trial
because he will not be able to demonstrate that the trial court abused its
discretion.  See Puri, 973 S.W.2d at 715; Cocke v. Saks, 776
S.W.2d 788, 789-90 (Tex. App.—Corpus Christi 1989, writ denied).

          We begin with whether Kelley’s failure
to appear at trial was the result of conscious indifference or was due to a
mistake or an accident.  Conscious indifference has been defined as “the
failure to take some action which would seem indicated to a person of
reasonable sensibilities under the same or similar circumstances.”  Young v.
Kirsch, 814 S.W.2d 77, 81 (Tex. App—San Antonio 1991, no writ).  As for
showing accident or mistake, a defaulting party must provide some excuse,
though not necessarily a good excuse, for failing to timely file an answer or
appear.  Comanche Nation v. Fox, 128 S.W.3d 745, 750 (Tex. App.—Austin
2004, no pet.).

A trial court can reasonably believe, based on
contradictory evidence, that there was intentional or consciously indifferent
conduct on the part of a defendant.  Freeman, 79 S.W.3d at 647 (citing K-Mart
Corp. v. Armstrong, 944 S.W.2d 59, 62 (Tex. App.—Amarillo 1997, writ
denied), and Baker v. Kunzman, 873 S.W.2d 753 (Tex. App.—Tyler 1994,
writ denied)).  Because Kelley apparently withdrew his request for a hearing on
his motion for new trial, the trial court was left with only conflicting
affidavits:  Kelley’s, which presented a mistake or accident; and Sweeney’s,
which portrayed Kelley as consciously indifferent to the trial date.  The trial
court could have reasonably found that Kelley did not meet the first element of
the Craddock test.

Based on the record in this appeal, we cannot
say that the trial court abused its discretion in denying Kelley’s motion for
new trial.

We overrule Kelley’s sole issue and affirm the
trial court’s order.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed September 21, 2005

[CV06]








 






ended to
render final judgment, even though he stated the settlement would be approved next month, and
thus, the wife was not entitled to repudiate the settlement agreement). Jonathon did not revoke
or repudiate his consent to the settlement agreement before the court rendered judgment. Thus,
whether he revoked consent before the court signed the decree in July is irrelevant because the
pronouncement of judgment in January was the critical moment when the judgment became
effective. Accordingly, point one is overruled.
Ambiguity
      Jonathon urges in his second point that the parties’ settlement agreement was ambiguous. 
Because the court rendered judgment, he cannot now challenge the ambiguity of the agreement.


 
Id. Point two is overruled.
      The judgment is affirmed.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 1, 2002
Do not publish
[CV06]